United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 5, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40080
Summary Calendar
_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

JUAN ALBARRAN-MORENO,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:99-CR-28-3
--------------------

Before REAVLEY, HIGGINBOTHAM and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Juan Albarran-Moreno ("Albarran") was granted an out-of-time

appeal of his 210-month prison sentence, imposed in February

2000, for his guilty-plea conviction of conspiracy to possess

cocaine with intent to distribute, a violation of 21 U.S.C.

§ 841(a).  The district court ordered that the prison term run

consecutively to a 62-month federal prison term that had been

imposed previously in the Middle District of North Carolina for

unrelated convictions of illegal re-entry and possession of a

false alien registration card.

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Albarran argues that, under United States v. Booker, 125 S. Ct. 738 (2005), the consecutive sentence was "unreasonable" because it was imposed pursuant to a mandatory guideline, U.S.S.G. § 5G1.3. He admits that this unpreserved allegation of error is reviewable for plain error only. See United States v. Mares, 402 F.3d 511, 520-21 (5th Cir. 2005), petition for cert. filed, (U.S. Mar. 31, 2005) (No. 04-9517). Albarran is not asserting a Booker error per se, because his contention does not involve a judicial determination of a "fact . . . which is necessary to support a sentence exceeding the maximum authorized by the facts established by [Albarran's] plea of guilty." See Booker, 125 S. Ct. at 756. The claim is effectively a challenge to the type of error made by the district court that sentenced the other respondent in Booker, Ducan Fanfan, i.e., the imposition of a sentence pursuant to a mandatory application of the Guidelines. Booker, 125 S. Ct. at 750, 768-69; see also Mares, 402 F.3d at 517-18, 520 n.9 (noting the distinction between the two types of error asserted by the respondents in Booker). Sentencing a defendant pursuant to a mandatory guideline regime, standing alone, constitutes "Fanfan" error, and such an error is "plain." See Booker, 125 S. Ct. at 750, 768-69 (addressing preserved challenge in companion case); United States v. Valenzuela- Quevedo, 407 F.3d 728, 733 (5th Cir. 2005).

In Albarran's case, the district court imposed a consecutive sentence pursuant to a discretionary statute, 18 U.S.C.

§ 3584(a), and a guideline that was framed in discretionary terms, U.S.S.G. § 5G1.3(c) (Nov. 1998). "There is no indication in the record from the sentencing judge's remarks or otherwise," see Mares, 402 F.3d at 522, that the court wished to impose a concurrent sentence, either partially or completely. Because Albarran has not shown that the error affected his "substantial rights," see id. at 521, he has not demonstrated plain error.

The sentence is AFFIRMED.