United States Court of Appeals
Fifth Circuit

**F I L E D**

June 27, 2006

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 05-30213

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DELIO JESUS CANDIA, also known as Big Mike,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Louisiana

Before HIGGINBOTHAM, DAVIS, and STEWART, Circuit Judges.

CARL E. STEWART, Circuit Judge:

Delio Jesus Candia pled guilty to conspiracy to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846, and was sentenced within an applicable sentencing range properly calculated under the advisory U. S. Sentencing Guidelines Manual ("U.S.S.G.," "federal guidelines," or "guidelines") (2006). Candia appeals this post-*Booker*[1] advisory guidelines sentence as

---

[1]*United States v. Booker*, 543 U.S. 220 (2005)

unreasonable and as an abuse of discretion because it was imposed consecutively to an undischarged state sentence.

This appeal presents a question of first impression: When the district court imposes a sentence within a properly calculated advisory guidelines range, what is the standard applied to review its order that the sentence run consecutively to an undischarged state sentence? We hold that, under *Booker*, the consecutive nature of a properly calculated guidelines sentence is reviewed for unreasonableness. We further hold that when a district court imposes a sentence according to the applicable advisory guidelines for imposition of a consecutive sentence, and also imposes that sentence within a properly calculated sentencing range, the sentence's consecutiveness enjoys a rebuttable presumption of reasonableness.

The record reveals that the district court properly interpreted and applied advisory federal sentencing guidelines in its determination to run Candia's sentence consecutive to his state sentence as well as in its calculation of the applicable advisory sentencing range. Both the term of imprisonment and its consecutiveness were imposed within the applicable sentencing provisions. Candia does not cite *any* statutory or jurisprudential support for his argument that this sentence is unreasonable and does not challenge the district court's calculation of the applicable guidelines range. Accordingly, we affirm this consecutive sentence as not unreasonable.

I. FACTUAL AND PROCEDURAL BACKGROUND

In November 2003, Candia pled guilty to conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846, the first count of his eight count indictment. The factual basis for Candia's plea stated that between January 1, 1988, and November 14, 2000, Candia conspired with Kenneth Leday and others to possess and distribute cocaine and cocaine base, and that Candia had possessed and

distributed over ten kilograms of cocaine. The record reflects that Candia's was a voluntary plea and that the district court advised Candia that he could be sentenced anywhere within the statutory range of imprisonment–ten years to life. The district court ordered a presentence investigation report ("PSR").

Applying the federal guidelines, the PSR recommended a base offense level of 38 due to information that Candia had distributed more than 150 kilograms of cocaine. According to the PSR, Kenneth Leday stated that Candia began selling cocaine powder to Leday in late 1995. Leday indicated that he and Candia jointly trafficked cocaine and that, during the twenty-two month period ending in November 1997, Candia had supplied Leday with no less than ten kilograms per month. The PSR also indicated that Brian Lemelle, one of Leday's contacts in Atlanta, Georgia, estimated that of about one hundred fifty kilograms of powder cocaine he received from Candia and Leday, all but twenty-five to thirty kilograms belonged to Candia.

The PSR also recommended a two point reduction for acceptance of responsibility and a total offense level of 36. The PSR indicated that in January 2003 Candia had pled guilty to a Texas state possession of cocaine charge for offense conduct that occurred in May 2002. This conviction resulted in an eight year state sentence of imprisonment. The PSR reflected a total of four criminal history points comprised of three points for this state conviction and one point for a January 2003 state conviction for evading arrest on New Year's Eve in 1999–thus resulting in a Category III criminal history. The PSR's recommended sentencing range of 235 to 293 months imprisonment is the range provided in the sentencing table, U.S.S.G. Chapter Five, Part A., for a Category III criminal history at offense level 36.

3

Candia objected, inter alia, to the quantities of drugs attributed to him in the PSR, and the sentencing hearing took place in February 2005. In response to Candia's objections, the Government adduced evidence that included the following: Kenneth Leday testified that Candia had supplied him with 10 to 20 kilograms of cocaine per month over the course of two years, for a total of approximately 168 kilograms. Leday and other co-conspirators distributed the cocaine purchased from Candia in Lake Charles, Lafayette, and Baton Rouge, Louisiana, and in Atlanta, Georgia. Leday introduced Candia to Brian and Robert Lemelle, Leday's contacts in Atlanta, and Candia began to sell cocaine directly to them.

In light of *Booker*, the district court declined to address the individual objections to the PSR. Instead, the district court stated that it had considered all18 U.S.C. § 3553(a) sentencing factors. The district court orally applied most of the factors, noting the absence of aggravating or mitigating factors that warranted a sentence outside the sentencing range applicable under the guidelines. The district court found the factual statements in the PSR to be "in harmony with the evidence presented," adopted those factual findings, and concluded that the sentencing range applicable under the advisory federal guidelines was between 235 and 293 months of imprisonment.

Candia requested a concurrent sentence. The Government did not oppose his request. Nevertheless, the district court sentenced Candia to serve 280 months imprisonment, to run consecutively to the undischarged 8 year Texas sentence, followed by a five year term of supervised release. Candia appeals this sentence and its consecutive nature as unreasonable.

## II. Standards of Review

### A. General Standard of Review

Even after *Booker*, we review a district court's interpretation of the Guidelines, de novo. *United States v. Duhon*, 440 F.3d 711, 714 (5th Cir. 2006) (citing *United States v. Smith*, 440 F.3d

4

704, 705 (5th Cir. 2006). This court accepts the district court's findings of fact unless they are clearly erroneous. *Id.* (citing *United States v. Creech*, 408 F.3d 264, 270 n.2 (5th Cir. 2005)).

A sentence is ultimately reviewed for "unreasonableness." *Smith*, 440 F.3d at 705; *Duhon* 440 F.3d at 714. The factors enumerated in 18 U.S.C. § 3553(a), a statute left undisturbed by *Booker*, "guide appellate courts, as they have in the past, in determining whether a sentence is unreasonable." *Booker*, 543 U.S. at 261.

B. Specific Standard of Review

Prior to *Booker*, we reviewed for abuse of discretion the district courts' decisions about the § 5G1.3(c) imposition of consecutive or concurrent sentences. *United States v. Richardson*, 87 F.3d 706, 709 (5th Cir. 1996) (citing *United States v. Brown*, 920 F.2d 1212, 1216-17 (5th Cir. 1991)); *United States v. Lynch*, 378 F.3d 445, 447 (5th Cir. 2004) (citing *United States v. Rangel*, 319 F.3d 710, 714 (5th Cir. 2003)). Under *Booker*, it is the sentence itself, including its consecutive nature, that is ultimately reviewed for reasonableness. *See Smith*, 440 F.3d at 705; *Duhon* 440 F.3d at 714.

A sentence imposed within a properly calculated guidelines range is presumptively reasonable and is accorded great deference on review. *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). This court will rarely say that such sentence is unreasonable. *Id.* Nevertheless, although presumptively reasonable, the sentence is not "reasonable per se." *Id.* The presumption can be rebutted. *See id.* (observing that there is no practical difference between imposing upon a defendant "the burden [to] rebut[] a presumption of reasonableness afforded a properly calculated Guideline range sentence and the burden [to] overcom[e] the great deference afforded such a sentence," and concluding that a guidelines sentence is reasonable per se would ignore the requirement that the district court must consider all the § 3553(a) sentencing factors). Additionally, for a sentence imposed

5

within a properly calculated guidelines range, our *Booker* unreasonableness review infers that the district court "has considered all the factors for a fair sentence set forth in the Guidelines." *United States v. Johnson*, 445 F.3d 793, 798 (5th Cir. 2006) (citing *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005), *cert. denied*, *Mares v. United States*, __ U.S. __, 126 S. CT. 43 (2005)).

The reasonableness of the consecutive nature of a sentence that was properly calculated under advisory federal guidelines is an issue of first impression in this circuit. We hold that a rebuttable presumption of reasonableness also applies to a consecutive sentence imposed within the parameters of the advisory federal guidelines. Although a consecutive sentence that conforms to the federal guidelines provisions is not "reasonable per se," the sentence is presumptively reasonable and is accorded great deference. A consecutive or concurrent sentence imposed contrary to the applicable federal guidelines provision is akin to a departure because it deviates from the recommended punishment and enjoys neither the presumption of reasonableness nor the deference accorded a consecutive or concurrent determination made pursuant to the guidelines.

## III. DISCUSSION

For the first time post-*Booker*, we are asked to review a properly calculated guidelines sentence that was imposed consecutively to an undischarged state sentence. Candia does not challenge the district court's calculation of the applicable sentencing range. Instead, he argues that the consecutive sentence he received is unreasonable for three reasons.

First, he asserts that the sentence is unreasonable because it is contrary to the district court's stated intent to sentence him within the same range of imprisonment as others who were sentenced for the offense conduct alleged in his indictment. Second, Candia argues that his federal sentence should have been imposed concurrently and that imposition of a consecutive sentence was

6

unreasonable because, essentially if not technically, the state offense conduct was a minor, uncharged part of the instant conspiracy. In his third argument, Candia contends that the consecutive 280 month sentence of imprisonment is also unreasonable because, having been used to increase the applicable range of sentence–thus enhancing the sentence imposed, this minor state offense conduct was partially considered in determining the instant sentence and also gave rise to the eight year state sentence.[2]

Candia also argues that the district court abused its discretion when it relied on misinformation as the basis for its determination that this sentence is reasonable based on sentences of Candia's co-defendants and is within the range of those sentences. According to Candia, this sentence was an abuse of discretion "in light of the sheer severity of the resulting combined sentences and the increased disparity between [his] sentence and the sentences of [his co-defendants and others convicted for offense conduct charged in his indictment]."

The Government counters, arguing that the district court imposed a sentence that is within the advisory federal guidelines range and therefore the sentence is presumptively reasonable. It points out that Candia has not challenged the range of sentence computation. The Government further argues that the sentences of two of Candia's co-conspirators were reduced pursuant to Federal Rule of Criminal Procedure 35 due to their substantial cooperation with the Government. The Government

---

[2]The reasoning underlying this argument is as follows:
(1) the Texas conviction increased his criminal history category from I to III;
(2) at offense level 36, this increased the applicable sentencing range from the Category I range of 188-235 months to the Category III range of 235-293 months;
(3) the imposed 280 sentence is almost eight years more than the bottom of the Category I range, and almost four years more than the top of the Category I range;
(4) therefore his Texas conviction enhanced his federal sentence by several years; and
(5) this enhancement means that running the federal sentence consecutively to the eight year state sentence requires that Candia remain in federal prison for twelve to sixteen years longer for conduct that had already been considered in determining the 280 month term of imprisonment.

7

contends that Candia should not receive the same benefit the co-conspirators received. Finally, the Government argues that, contrary to Candia's assertion, his Texas conviction (1) is unrelated to the instant conspiracy, having occurred two years after the instant indictment, and (2) was not considered as relevant conduct in determining his offense level and therefore did not enhance his sentence.

We have determined that unreasonableness is the standard of review applicable to a consecutive sentence imposed both within a properly calculated sentencing range and pursuant to the applicable guidelines for imposition of a consecutive sentence. Calculated in its entirety under properly interpreted and applied guidelines provisions, such sentence is presumptively reasonable. Here, the district court imposed such a sentence. Accordingly, the presumption of reasonableness, along with great deference and an inference that the district court considered the appropriate sentencing factors, are all applicable in our reasonableness review of this consecutive sentence.

A. Authority to Impose a Consecutive Sentence

The Constitution does not afford a defendant the right to have his state and federal sentences run concurrently. *United States v. Dovalina*, 711 F.2d 737, 739 (5th Cir. 1983). "Sentences for different offenses can be ordered to run consecutively, even if they are imposed upon a single trial." *Id.* Pursuant to the guidelines provision applicable to Candia's conviction, "the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." U.S.S.G. § 5G1.3(c) (1995).

Similarly, 18 U.S.C. § 3584(a)–a statute undisturbed by *Booker*–provides that Candia's federal term of imprisonment may run concurrently or consecutively to his undischarged Texas term of imprisonment. Thus, under the applicable advisory guideline and by statute, the district court was

allowed to impose this sentence consecutively to Candia's state sentence. Moreover, if the district court had said nothing about the consecutiveness or concurrence of this sentence, the statutory presumption is that this sentence would run consecutively. 18 U.S.C. § 3584(a) ("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.").

B. The Unreasonableness Inquiry

1. *The 18 U.S.C. § 3553 Sentencing Factors*

Candia challenges his 280 month sentence as unreasonable, arguing that it is contrary to the district court's stated intent to sentence him within the same range of imprisonment as others who were sentenced for the offense conduct alleged in his indictment. He relies on a statement that the district court made at the sentencing hearing:

> The Court is taking into consideration all of the factors set forth in 18 U.S.C. section 3553, and finds that this sentence is a reasonable sentence based on the sentence of all the other co-defendants, especially Thomas Jermaine Beverly who received 262 months. Also Kenneth Leday who received 293 months. Mr. Semien who received 324 months. I think this adequately fits into that range.

Candia points out that his two co-defendants were initially sentenced to 293 and 324 months imprisonment, but later each sentence was reduced to 160 months. He asserts that the third co-defendant's 262 month sentence is the only one that, like Candia's, is "considerably longer" than the other sentences, yet even that sentence was imposed concurrently and therefore is less severe than his. Candia asserts that the actual sentences imposed upon his co-defendants were more than 100 months less than his sentence and/or were ordered to run concurrently rather than consecutively. According to Candia, his consecutive sentence is more severe than his co-conspirators' sentences and is therefore unreasonable, "particularly in light of the stated reasons for imposing sentence."

9

Candia singles out one of the § 3553(a) factors the district court considered as the basis for his assertion of unreasonableness, arguing that this sentence evidences an unwarranted disparity and is therefore unreasonable because the district court intended that Candia's sentence conform to those of some of his co-defendants and/or co-conspirators. Our unreasonableness review is guided by the § 3553(a) sentencing factors, not by the district court's statement about one such factor.[3] Accordingly, we review this presumptively reasonable consecutive sentence in light of the totality of sentencing factors rather than in light of a single factor.

At the sentencing hearing, the district court stated that it took into consideration all of the factors set forth in § 3553 and that it found this sentence reasonable "based on the sentence of all the other co-defendants." The district court also stated that it was imposing a sentence that adequately fit into the range of the co-defendants' sentences. The district court's reference to the co-defendants' terms of imprisonment does not render Candia's sentence unreasonable. The § 3553(a) disparity

---

[3]Factors considered in imposing sentence include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> > (B) to afford adequate deterrence to criminal conduct;
> > (C) to protect the public from further crimes of the defendant;
> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentences and sentencing range . . . . [set forth in the applicable guidelines];
> (5) any policy statement . . . issued by the Sentencing Commission . . . . ;
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

*See* 18 U.S.C.A. § 3553(a) (2004 & Supp. III).

10

factor involves consideration of "the need to avoid disparity among similarly-situated defendants nationwide rather than disparity with [Candia]'s differently situated codefendant." *Duhon*, 440 F.3d at 721. Congress intended that certain disparities be caused by application of the federal guidelines, and "a sentencing disparity intended by Congress is not unwarranted." *Id.* at 720. Only *unwarranted* disparities are among the § 3553(a) sentencing factors. 18 U.S.C. § 3553(a)(6).

Candia asserts that this sentence is unreasonable because the sentences mentioned in the district court's statement were reduced and because the district court was misinformed about the length of their post-reduction sentences. There appears to be no dispute that the reductions in sentence occurred as a result of substantial assistance given by the co-defendants. This court has "h[e]ld that sentencing disparity produced by substantial assistance departures was intended by Congress and is thus not a proper sentencing consideration under section 3553(a)(6)." *Duhon*, 440 F.3d at 720. Candia does not argue, and the record does not show, that he is similarly situated to the two co-defendants whose sentences were reduced pursuant to Rule 35 because of their substantial assistance. Accordingly, it would have been improper for the district court to consider the co-defendants' reduced sentences in making the instant sentencing determination.

The district court stated that it would sentence Candia within the ten year to life statutory limits. It found that the PSR detailed the reasons for applying a higher guideline range than the range for the amount of cocaine stated in the guilty plea's factual basis, and it found credible the sentencing hearing testimony about Candia's involvement. The district court concluded the hearing with the following statement to Candia's counsel:

> You can object to all of it because Mr. Candia was a major drug player in this conspiracy, and I found that the credibility of those witnesses who testified under oath–under oath–I found them to be very credible. And I found their stories to be

11

consistent, and consistent with the other information that was provided by the probation officer. And I think when you put all of that into perspective, the fact is Mr. Candia is a serious—was a serious drug dealer and should be treated as such.

The district court imposed Candia's 280 month sentence of imprisonment consecutively even though it noted that one co-defendant's 262 month sentence of imprisonment was imposed concurrently. On this record, the district court's statement of intent to impose a sentence in the range of Candia's co-defendants does not suggest that the district court wanted to impose a concurrent sentence or a sentence less than 280 months if the co-defendants' sentences were later reduced. Instead, the statement indicates that the district court found reasonable the original sentences of Candia's co-defendants and wanted to impose a sentence in the general range of their original sentences.

We reject Candia's disparity factor argument. On this record, neither the district court's statements nor Candia's argument about this single factor is sufficient to rebut the applicable presumption of reasonableness and associated inference that the appropriate factors were considered.

2. *The State Offense Conduct Was Not An Uncharged Part of the Instant Offense Conduct and Was Not Fully Considered in Determining This Sentence*

Candia argues that his federal sentence should have been imposed concurrently and that imposition of a consecutive sentence was unreasonable because the state offense conduct was a minor, uncharged part of the instant conspiracy that both enhanced the instant sentence (via increasing his criminal history category), and gave rise to the eight year state sentence.

As we have noted, § 3584 favors imposition of a consecutive sentence when the sentences are imposed at different times. *See* discussion *supra* Part III.A. Candia was convicted in January 2003 for his May 2002 state offense, and was serving the eight year sentence of imprisonment for that

12

conviction when sentenced in this case in February 2005. The instant conspiracy to distribute cocaine occurred between January 1988 and November 2000–a year and a half before the offense conduct underlying Candia's state conviction for possession of cocaine.

Candia concedes that the state offense conduct was not "technically" part of the federal conspiracy. Nevertheless, he asserts that because, in effect, it was the same as the instant offense conduct, this consecutive federal sentence is unreasonable. Candia also asserts that the sentence is unreasonable because the criminal history consideration of his state conviction yielded an enhancement to the federal sentence. As with his other arguments, Candia presents no statutory or jurisprudential support indicating that, even if his factual assertions are true, those facts lead to the conclusion that this consecutive sentence is unreasonable.

In *United States v. Izaguirre-Losoya*, 219 F.3d 437 (5th Cir. 2000), the defendant argued that his sentence should have run concurrent with his undischarged state sentence because that sentence was considered in his criminal history category. We rejected that argument because "his criminal offense history is separate from and does not affect his offense level even if it does affect the range of potential punishment[,]" and because no other offense level calculation was based on his state offense. *United States v. Izaguirre-Losoya*, 219 F.3d 437, 439 (5th Cir. 2000).

The district court had statutory authority to impose this consecutive sentence under § 3584(a). Candia was sentenced under advisory guidelines and had no *right* to a concurrently imposed sentence even if the applicable guidelines provision said the sentence "shall run concurrently." The mere fact that a sentence was imposed contrary to § 5G1.3 would not resolve the question of reasonableness. In such a scenario, our *Booker* unreasonableness inquiry would be the same, except that the consecutiveness of the sentence would not be presumptively reasonable.

13

C. A Discretionary Decision

When *Booker* made the U.S.S.G. advisory rather than mandatory, the discretionary nature of the § 5G1.3(c) decision did not change: after *Booker*, the district court still has discretion to impose a reasonable sentence, consecutively or concurrently, by virtue of U.S.S.G. § 5G1.3(c) and 18 U.S.C. § 3584(a). Moreover, this advisory guideline specifically requires that the district court exercise its discretion "to achieve a reasonable punishment." U.S.S.G. § 5G1.3(c). This language suggests that a district court acts within its § 5G1.3(c) discretion only when it imposes a reasonable sentence. Our pre-*Booker* review of sentences imposed pursuant to 5G1.3 dovetails with our *Booker* reasonableness review, as both turn upon consideration of the § 3553 sentencing factors. *See* 18 U.S.C. § 3384 (requiring consideration of the § 3553(a) sentencing factors in determining whether terms imposed are to run consecutively or concurrently); *United States v. Richardson*, 87 F.3d 706 (5th Cir. 1996) (discussing the district court's consideration of the § 3553(a) factors, as required by § 3584, in its abuse of discretion review of a consecutive sentence); *United States v. Londono*, 285 F.3d 348 (5th Cir. 2002) (discussing the district court's consideration of § 3553(a) factors and of § 5G1.3). Accordingly, we hold that *Booker*'s reasonableness inquiry complements, but does not abrogate, this court's pre-*Booker* use of the abuse of discretion standard for reviewing imposition of a § 5G1.3(c) consecutive sentence.

In *United States v. Albarran-Moreno*, 145 F. App'x 28 (5th Cir. Aug. 5, 2005) (unpublished), a panel of this court reviewed for plain error a consecutive sentence imposed under mandatory guidelines. The *Albarran-Moreno* court observed that the sentence was imposed "pursuant to a discretionary statute, 18 U.S.C. § 3584(a), and a guideline that was framed in discretionary terms, U.S.S.G. § 5G1.3(c)," and found "no indication in the record from the sentencing judge's remarks

14

or otherwise, that the court wished to impose a concurrent sentence, either partially or completely." *United States v. Albarran-Moreno*, 145 F. App'x 28, 29 (5th Cir. Aug. 5, 2005) (unpublished) (citation and internal quotation marks omitted).

Unlike *Albarran-Moreno*, the instant case does not involve either mandatory guidelines or plain error review. Nevertheless, just as in *Albarran-Moreno*, Candia was sentenced pursuant to a discretionary statute, 18 U.S.C. § 3553, and a sentencing guideline framed in discretionary terms, U.S.S.G. § 5G1.3(c). The district court's statements at the sentencing hearing do not indicate that the district court wanted to impose a concurrent sentence. The record reveals that the district court considered the sentencing factors, properly interpreted and applied the guidelines, and exercised its discretion to sentence Candia within the applicable guidelines range and according to the guidelines provisions for consecutive sentencing. Post-*Booker*, review of a consecutive sentence is to determine whether it is unreasonable. On the narrow facts of this case, we find that the presumption of reasonableness has not been rebutted: the district court properly exercised its § 5G1.3(c) discretion to impose a reasonable sentence.

D. Summary

Candia challenges as unreasonable a sentence that is within a properly calculated advisory federal guidelines range. This case is the first in this circuit to require that we review for unreasonableness a post-*Booker*, properly calculated federal guidelines sentence imposed consecutively to an undischarged state term of imprisonment. Where, as here, the term of imprisonment and the consecutiveness of that sentence were each imposed by proper interpretation and calculation of applicable guidelines provisions, the consecutiveness of the sentence enjoys a presumption of reasonableness similar to that applied to a within-guidelines term of imprisonment.

15

On the record before us, use of the state conviction to increase Candia's criminal history category does not render this consecutive sentence unreasonable; neither does Candia's unsupported assertion that his state sentence is "essentially, though not technically" uncharged conduct that was part of the instant conspiracy. Candia provides no support for his argument that this is an unreasonable sentence or for his argument that the consecutive nature of his sentence exacerbates its unreasonableness.

The record reveals that the district court exercised its discretion within the boundaries set by § 5G1.3(c), § 3553(a), and § 3584(a) to impose a consecutive sentence that is both within a properly calculated federal guideline range and in accord with U.S.S.G. § 5G1.3(c). We hold that neither presumption of reasonableness (i.e., neither reasonableness of this sentence, nor reasonableness of its consecutive nature) has been rebutted.

## IV. CONCLUSION

We review a post-*Booker* consecutive sentence that is imposed within a properly calculated U.S.S.G. sentencing range for reasonableness. Because this consecutive guidelines sentence is also in concert with U.S.S.G. § 5G1.3(c), § 3584, and § 3553, both the sentence and its consecutive nature are presumptively reasonable. Candia's unsupported argument and assertions do not rebut this presumption. Accordingly, we hold that Candia's sentence is not unreasonable and AFFIRM the sentence imposed by the district court.