United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 13, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-50860
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JASON SCOTT SINGLETON,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:97-CR-20-1
--------------------

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Jason Scott Singleton appeals the sentence imposed after the revocation of his supervised release. Singleton, who was convicted of conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846, argues that the district court erred by failing to explicitly or implicitly consider the sentencing factors set forth in 18 U.S.C. § 3553(a) when making its decision to run his federal sentence consecutively to his undischarged state sentence. Because he raises this issue for the first time on appeal, our review is for

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

plain error.  See United States v. Akpan, 407 F.3d 360, 378 (5th Cir. 2005).

Singleton does not argue that his sentence was unreasonable, that his sentencing guidelines range was improperly calculated, or that the district court's order that his federal sentence run consecutively to his undischarged state sentence was contrary to the applicable Sentencing Guidelines.  See U.S.S.G. § 5G1.3.  Accordingly, it is inferred that the district court considered all of the 18 U.S.C. § 3553(a) factors for a fair sentence set forth in the Guidelines.  See United States v. Candia, 454 F.3d 468, 472-73 (5th Cir. 2006).  Singleton's sentence is AFFIRMED.