IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 14, 2008

Charles R. Fulbruge III
Clerk

No. 07-50476
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

LUCIO GONZALEZ-SILVA,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
No. 2:06-CR-970-ALL

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Lucio Gonzalez-Silva was sentenced to prison after he was convicted of violating 8 U.S.C. § 1326 by illegally reentering the United States in 2006. The

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence is to run consecutively to an undischarged term of imprisonment imposed in 1992 for having violated the same statute.

Gonzalez-Silva argues that his deportation before he served his 1992 sentence caused him to receive increased criminal history points under United States Sentencing Guidelines § 4A1.1(d), which provides for adding two points to the criminal history score of a defendant who committed a crime while under an undischarged sentence. He says the additional points increased his advisory guideline sentencing range and that his deportation exposed him to cumulative sentences.

Sentences imposed under 18 U.S.C. § 3553(a) are reviewed for reasonableness. United States v. Booker, 543 U.S. 220, 261-62 (2005). The consecutive nature of a sentence is factored into substantive reasonableness review. United States v. Candia, 454 F.3d 468, 472-73 (5th Cir. 2006).

We reject Gonzalez-Silva's challenges to his sentence. The increase in the criminal history category pursuant to § 4A1.1(d) was on account of his own conduct, namely, committing his earlier crimes and the crime of conviction. Although it was the government that caused him to be deported in 1999, it was not the government that caused him to break the law by reentering the country in 1991 and again in 2006. Additionally, the relevant guideline advises, and the applicable statute favors, consecutive sentences under the facts of this case. See U.S.S.G. § 5G1.3(a) (stating that if the offense of conviction was committed before the defendant began his sentence for a prior crime, the new sentence is to be consecutive to the old one); 18 U.S.C. § 3584(a) ("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.")

In light of Apprendi v. New Jersey, 530 U.S. 466 (2000), Gonzalez-Silva challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. This argument is foreclosed by Almendarez-

Torres v. United States, 523 U.S. 224, 235 (1998).  United States v. Pineda-Arrel-lano, 492 F.3d 624, 625 (5th Cir. 2007), cert. denied, 2008 U.S. LEXIS 358 (U.S. Jan. 7, 2008) (No. 07-6202).

AFFIRMED.