IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 22, 2008

Charles R. Fulbruge III
Clerk

No. 07-11154
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ARTURO CARLOS SAENZ

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:07-CR-71-1

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Arturo Carlos Saenz was convicted on his guilty plea of violating 21 U.S.C. §§ 841(b)(1)(B) and 846 by conspiring to distribute and to possess with intent to distribute more than 100 kilograms of marijuana. He appeals his sentence of 78 months in prison. We affirm.

While acknowledging that there was no procedural deficiency in the calculation of his sentence, Saenz contends that it is unreasonable and greater than necessary to achieve the goals set forth in 18 U.S.C. § 3553(a). He argues

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that the district court did not take proper account of the nature and circumstances of the offense and of his history and characteristics and instead focused on the quantity of drugs found at the time of his arrest, not all of which were purchased or controlled by Saenz and irrespective of his rank in a narcotics organization. Second, he contends that the court did not take proper account of § 3553(a)(2)(B), (C), and (D), which stipulate that a sentence afford adequate deterrence to criminal conduct, protect the public from the defendant, and provide correctional treatment to the defendant. Third, he contends that his sentence is disparate to those of defendants, including those he calls "non-drug defendants," with similar records who have been found guilty of similar conduct.

We ordinarily review a sentence within a properly calculated guidelines range for reasonableness. See United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005). In reviewing for reasonableness, when a claim of error has been preserved, an appellate court "merely asks whether the trial court abused its discretion." Rita v. United States, 127 S. Ct. 2456, 2462-63 (2007). When a defendant, such as Saenz, does not object to his sentence in the district court, however, review is for plain error. See United States v. Peltier, 505 F.3d 389, 391 (5th Cir. 2007), petition for cert. filed (Jan. 22, 2008) (No. 07-8978). In this case, there has been no showing of error, plain or otherwise.

A district court's sentencing decision is entitled to great deference. Gall v. United States, 128 S. Ct. 586, 597-98 (2007). A sentence, such as Saenz's, that is within a properly calculated guidelines range is presumed reasonable. United States v. Candia, 454 F.3d 468, 473 (5th Cir. 2006). According the requisite deference to the district court's "decision that the § 3553(a) factors, on the whole, justified the sentence [imposed]," Gall, 128 S. Ct. at 602, we AFFIRM the judgment.