# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 5, 2010

Lyle W. Cayce
Clerk

No. 09-10756
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FREDERICO GONZALEZ, also known as Viejon,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:03-CR-329-13

Before BENAVIDES, PRADO and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Frederico Gonzalez appeals the sentence of life imprisonment imposed at resentencing for his conviction for conspiracy to distribute and possess with the intent to distribute cocaine, cocaine base, marijuana, and MDMA and conspiracy to transport and attempt to transport monetary instruments from inside the United States to outside the United States. This court previously vacated Gonzalez's sentence and ordered resentencing in light of *United States v. Booker*, 543 U.S. 200 (2005).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Gonzalez argues that the district court erred in applying a sentence enhancement for possession of a dangerous weapon pursuant to U.S.S.G. § 2D1.1(b)(1). He argues that the district court did not find beyond a reasonable doubt that he possessed a firearm and the court looked to pre-*Booker* standards in making its determination.

Because Gonzalez was resentenced after the decision in *Booker*, there was no error in the district court's finding sentencing factors by a preponderance of the evidence. *See United States v. Stevens*, 487 F.3d 232, 246 (5th Cir. 2007); *United States v. Fambro*, 526 F.3d 836, 851 & n.96 (5th Cir.), *cert. denied*, 129 S. Ct. 625 (2008). Additionally, the district court did not look to improper standards. Based on the type of firearms found at Gonzalez's residence, the drug paraphernalia also found at the residence, and the testimony that Gonzalez trafficked drugs from this same residence, the district court's determination that Gonzalez possessed a firearm in connection with his drug-trafficking offense is plausible in light of the record as a whole and is not clearly erroneous. *See United States v. Caldwell*, 448 F.3d 287, 290 (5th Cir. 2006); *United States v. Mitchell*, 31 F.3d 271, 277 (5th Cir. 1994).

Gonzalez also contends the district court's determination of drug quantity under U.S.S.G. § 2D1.1 is erroneous because the record supports a finding that he was responsible for only 145 kilograms of cocaine rather than at least 150 kilograms. The district court should approximate the amount of drugs involved in an offense when the amount seized does not reflect the scale of the offense. *See* § 2D1.1, comment. (n.12). In making this approximation, the district court may consider any evidence which has "sufficient indicia of reliability." U.S.S.G § 6A1.3, comment.; *United States v. Manthei*, 913 F.2d 1130, 1138 (5th Cir. 1990). The district court properly approximated the amount of drugs attributable to Gonzalez from the Presentence Report and the testimony of Special Agent Aziz, both of which are sufficiently reliable. Although the exact numbers from Special Agent Aziz's testimony totaled 145 kilograms, his

testimony indicated that Gonzalez was responsible for a greater amount. Special Agent Aziz explained that individuals were observed making several drug deliveries to Gonzalez's residence. Though the exact quantities of these deliveries were not determined by his testimony, the district court's determination that the additional amount was more than five kilograms of cocaine was plausible in light of the record as a whole and therefore not clearly erroneous. *See United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005).

Gonzalez argues that his total offense level was miscalculated by the district court because the court applied enhancements under U.S.S.G. § 2S1.1 based on his money laundering conviction. The record does not support Gonzalez's argument. Though the court initially improperly stated that Gonzalez's offense level was enhanced under § 2S1.1, the record reflects that the court was corrected and properly calculated Gonzalez's total offense level at 44. Moreover, the Supplement to the Presentence Report also properly calculates Gonzalez's offense level.

Gonzalez contends that his within-guidelines sentence is substantively unreasonable. He argues that his codefendants received sentences of 30 years or less. Because Gonzalez does not show that his codefendants were similarly situated, he fails to establish that his sentence is unreasonable due to a disparity between his sentence and his codefendants' sentences. *See United States v. Candia*, 454 F.3d 468, 476 (5th Cir. 2006). Additionally, the district court considered Gonzalez's arguments and determined that the factors of 18 U.S.C. § 3553(a) did not warrant a sentence outside the guidelines range. There is no indication that the district court abused its discretion in weighing the § 3553(a) factors or that Gonzalez's sentence is substantively unreasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir.), *cert. denied*, 129 S. Ct. 328 (2008).

Accordingly, the judgment of the district court is AFFIRMED.