# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 30, 2010

Lyle W. Cayce
Clerk

No. 09-30941
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GRENSTEDT M. WINTERS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:08-CR-175-1

Before SMITH, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Grenstedt M. Winters appeals the 27-month sentence imposed following his guilty plea conviction for theft of public money in violation of 18 U.S.C. § 641. Winters's within-guidelines sentence was imposed consecutively to an undischarged, five-year state sentence. He contends that the consecutive nature of his sentence rendered it substantively unreasonable because it was greater than necessary to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a). Specifically, Winters argues that the district court overstated his criminal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

history, overemphasized the need to afford adequate deterrence to criminal conduct, and failed to account for the need to provide restitution.

Sentences are reviewed under an abuse of discretion standard for procedural error and substantive reasonableness. *Gall v. United States*, 552 U.S. 38, 51 (2007). Winters does not argue that the district court committed any procedural error; thus, we need only review the substantive reasonableness of the sentence. *See United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008). "[A] rebuttable presumption of reasonableness . . . applies to a consecutive sentence imposed within the parameters of the advisory federal guidelines." *United States v. Candia*, 454 F.3d 468, 473 (5th Cir. 2006). The presumption of reasonableness includes "an inference that the district court considered the appropriate sentencing factors" set forth in § 3553(a) in determining whether to impose a concurrent or consecutive sentence. *Candia*, 454 F.3d at 474; 18 U.S.C. § 3584(b). "The presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 1930 (2010).

The within-guidelines sentence is entitled to a presumption of reasonableness. *See Candia*, 454 F.3d at 473. Winters's disagreement with the weight the district court gave to his criminal history and the need to afford adequate deterrence is insufficient to rebut that presumption. *See Cooks*, 589 F.3d at 186. Winters engaged in sustained criminal activity before and after he committed the instant offense. Shortly before he committed the instant offense, Winters was sentenced to a total of 18 months in jail and five years of imprisonment, suspended. Nevertheless, he continued to engage in criminal activity. Moreover, the district court's implicit decision to give more weight to those factors than to the need to provide restitution was not unreasonable in light of Winters's extensive criminal history and pattern of recidivism. *See*

*Candia*, 454 F.3d at 476.  As Winters has not demonstrated that the sentence was an abuse of discretion, the judgment of the district court is AFFIRMED.