# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40351
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 13, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CARLOS GONZALEZ-AGUIRRE,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:14-CR-168-1

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:*

Carlos Gonzalez-Aguirre (Gonzalez) appeals the 20-month sentence he received upon revocation of his supervised release. For the first time on appeal, he contends that his sentence was procedurally and substantively unreasonable. We review these newly raised arguments for plain error only. *See United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009). To establish plain error, Gonzalez must show a forfeited error that is clear or

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error but will do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See Puckett*, 556 U.S. at 135.

Gonzalez complains that the district court did not adequately explain the reasons for its sentence, specifically failing to explain its rejection of his mitigation argument and to consider the 18 U.S.C. § 3553(a) factors. He further contends that the district court unreasonably imposed his revocation sentence consecutively to the sentence he received in his new illegal reentry case. He fails to show any reversible plain error. *See Puckett*, 556 U.S. at 135.

Because the revocation sentence fell within the advisory guidelines range, little additional explanation was required. *See United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005). The district court listened to and specifically rejected as incredible Gonzalez's argument in mitigation; it also referenced his lengthy criminal history, including his multiple illegal reentries. Its comments at sentencing indicate that it implicitly considered the permissible § 3553(a) factors. S*ee Whitelaw*, 580 F.3d at 262-65. Moreover, even if error is assumed, Gonzalez cannot show that his substantial rights were affected or that any error seriously affected the public reputation of the proceedings as nothing in the record suggests that a more thorough explanation would have resulted in a lesser sentence. *See id.* at 264-65.

Additionally, Gonzalez has not shown that the consecutive nature of his sentence renders it substantively unreasonable. The district court had the discretion to run his sentences consecutively. *See id.* at 260-61. Because the revocation sentence both fell within the advisory range and was consistent with the Guidelines' policy regarding consecutive sentences, it is entitled to a

presumption of reasonableness. *See* U.S.S.G. § 7B1.4(a) and (b)(1), 7B1.3; *see also United States v. Candia*, 454 F.3d 468, 472-73 (5th Cir. 2006). Gonzalez's argument that a consecutive revocation sentence amounts to "an egregious punishment" fails to rebut the presumption of reasonableness attached to his sentence. *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

AFFIRMED.