# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 18-30146
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**

October 17, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JAMES STACEY HARBER,

Defendant - Appellant

————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:16-CR-129-1

————

Before DAVIS, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

James Stacey Harber pleaded guilty to one count of possessing child pornography and three counts of producing child pornography. He appeals his within-guidelines sentence of 70 years of imprisonment, asserting that his sentence fails to account for factors that should have received significant weight and that the sentence represents a clear error in judgment in balancing the sentencing factors. According to Harber, certain mitigating factors –

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

including his family and employment history, lack of criminal or sexual misconduct history, his tremendous remorse, the "unique context" of his offense, his acceptance of responsibility via the plea agreement, and the need to avoid unwarranted sentence disparities – should have weighed in favor of a less than 70-year sentence.

Harber properly preserved his objection to the substantive reasonableness of his sentence in the district court, and therefore this court reviews his sentence for abuse of discretion. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).

Where, as here, the district court imposes a consecutive sentence within a properly calculated guidelines range, the sentence is entitled to a presumption of reasonableness. *See United States v. Candia*, 454 F.3d 468, 471, 479 (5th Cir. 2006). Harber argues that the rebuttable presumption of reasonableness should yield in the face of a sentence that is a result of consecutively imposed sentences, but he recognizes that his argument is foreclosed by *Candia. Id.* Sentences within the properly calculated guidelines – as herein – are not only presumed to be substantively reasonable, but we will also infer from such a sentence "that the district court has considered all the factors for a fair sentence set forth in the guidelines." *Candia*, 454 F.3d at 474; *see also United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005). "The presumption of reasonableness is only rebutted upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

The district court reviewed, listened to, and considered the facts and circumstances of the case, the arguments of the parties, the specific mitigating

No. 18-30146

factors identified by Harber, the guidelines, and the 18 U.S.C. § 3553(a) factors in rendering its determination that a within-guidelines sentence was appropriate. *See Mares*, 402 F.3d at 519. Harber's contentions amount to no more than a mere disagreement with the district court's weighing of the § 3553(a) factors, which is insufficient to rebut the presumption of reasonableness that attaches to his within-guidelines sentence. *Cooks*, 589 F.3d at 186. Moreover, this court will not reweigh the § 3553(a) factors because "the sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant." *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008).

The judgment of the district court is AFFIRMED.