# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 2, 2021

Lyle W. Cayce
Clerk

No. 20-10175
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CRYSTAL NICOLE DOUGLAS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-303-1

Before CLEMENT, HIGGINSON, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

Crystal Nicole Douglas pleaded guilty to maintaining drug-involved premises and aiding and abetting in violation of 21 U.S.C. § 856(a)(1) and 18 U.S.C. § 2 and was sentenced to a within-Guidelines sentence of 108 months imprisonment.  On appeal, Douglas argues that because the district court

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-10175

failed to properly weigh the 18 U.S.C.A. § 3553(a) sentencing factors, her sentence is substantively unreasonable.  Douglas, however, has failed to make the requisite showing, and accordingly her sentence is affirmed.

If no procedural error is alleged, this court reviews the substantive reasonableness of the sentence for an abuse of discretion.  *United States v. Diehl*, 775 F.3d 714, 724 (5th Cir. 2015).  Appellate review is highly deferential, as the district court is in a better position to find facts and evaluate their importance in relation to the § 3553(a) factors.  *United States v. Hernandez*, 633 F.3d 370, 375 (5th Cir. 2011).  The court applies a rebuttable presumption of reasonableness to properly calculated sentences that are within the guidelines sentencing range.  *United States v. Candia*, 454 F.3d 468, 473 (5th Cir. 2006).  To rebut this presumption, the defendant must show that "the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors."  *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).  A "defendant's disagreement with the propriety of the sentence imposed does not suffice to rebut the presumption of reasonableness that attaches to a within-guidelines sentence."  *United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010).

Douglas fails to demonstrate that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors.  *See Cooks*, 589 F.3d at 186.  In fact, the district judge explicitly stated that he had considered all the appropriate factors before deciding on the sentence.

Accordingly, Douglas has failed to make the requisite showing and her sentence is AFFIRMED.