# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 2, 2022

Lyle W. Cayce
Clerk

No. 22-30151
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

FAZON DAVIS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:20-CR-110-1

Before KING, HIGGINSON, and WILLETT, *Circuit Judges*.

PER CURIAM:*

Fazon Davis pleaded guilty to a single count of production of child pornography, in violation of 18 U.S.C. § 2251. He was sentenced within the advisory guidelines range to 240 months of imprisonment, to be followed by five years of supervised release. Davis challenges the sentence imposed.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 22-30151

Davis maintains that his sentence is substantively unreasonable. He asserts that his sentence resulted from an incorrect balancing of the 18 U.S.C. § 3553(a) factors and thus was greater than necessary to achieve the goals of § 3553(a). Specifically, he argues that the district court gave too much weight to the guidelines range and afforded too little weight to his claim that the two-level adjustment under U.S.S.G. § 2G2.1(b)(6)(B)(ii) for use of a computer, which applied in this case, skewed his guidelines range. He contends that his sentence was rendered unreasonable, and the presumption of reasonableness should not apply to his sentence, because his guidelines range was increased by the enhancement.

We review preserved challenges to the substantive reasonableness of a sentence for abuse of discretion. *See United States v. Vargas*, 21 F.4th 332, 334 (5th Cir. 2021). Sentences within a properly calculated guidelines range, as in this case, are presumed to be substantively reasonable, and the court will infer from such a sentence that the district court considered all the factors for a fair sentence set forth in the Sentencing Guidelines. *See United States v. Candia*, 454 F.3d 468, 473 (5th Cir. 2006). The presumption may be rebutted upon a showing that the sentence fails to account for a factor that should have been afforded significant weight, gives significant weight to an irrelevant or improper factor, or represents a clear error of judgment in balancing the sentencing factors. *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

The record establishes that the district court made an individualized assessment based on the facts and circumstances of the case and found that a within-guidelines sentence was sufficient but not greater than necessary to account for the factors set forth in § 3553(a). The district court considered Davis's claim that the advisory guidelines range was unreasonably skewed by application of a § 2G2.1(b)(6)(B)(ii) enhancement and determined that other sentencing factors merited a sentence at the low end of the guidelines range. The district court was in a superior position to find facts and determine their

relevance for purposes of § 3553(a), and we will not reweigh the district court's assessment of the § 3553(a) factors or their relative significance. *See Gall v. United States*, 552 U.S. 38, 51-52 (2007). Davis's disagreement with his sentence or with the district court's weighing of the § 3553(a) factors does not rebut the presumption of reasonableness. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010); *United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).

Davis does not dispute that the advisory guidelines range was properly determined, and the district court had to take that range into account in its analysis of the sentence to impose. *See United States v. Miller*, 665 F.3d 114, 121-23 (5th Cir. 2011). He has pointed to nothing in the record to support that the district court's presumptively reasonable choice of sentence was an abuse of discretion. *See Vargas*, 21 F.4th at 334; *Candia*, 454 F.3d at 473. To the extent that he argues that the district court should have imposed a lower sentence on policy grounds to account for the application of the adjustment under § 2G2.1(b)(6)(B)(ii), or that the presumption of reasonableness should not apply because the adjustment is assessed in most cases, his contention is unavailing. *See, e.g.*, *United States v. Mondragon-Santiago*, 564 F.3d 357, 367 (5th Cir. 2009).

Accordingly, the judgment of the district court is AFFIRMED.