# United States Court of Appeals
# for the Fifth Circuit

---

No. 25-10335
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
February 3, 2026

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Jorge Alberto Salinas,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:23-CR-126-1

---

Before Jones, Duncan, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Jorge Alberto Salinas was convicted following a bench trial of illegal reentry after removal from the United States, in violation of 8 U.S.C. § 1326(a). The district court imposed a 36-month sentence and ordered that sentence to run consecutively with the undischarged term of imprisonment imposed following the revocation of his term of supervised release.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-10335

Salinas contends that that the district court erred in denying his motion to dismiss the superseding indictment and that his 36-month consecutive sentence is procedurally unreasonable.  He also asserts that his sentence violates due process because it exceeds the statutory maximum for the offense charged in the indictment.  However, he correctly concedes that this argument is foreclosed by the Supreme Court's decision in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), and merely raises this issue to preserve it for further review.  *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019); *see also Erlinger v. United States*, 602 U.S. 821, 838 (2024) (explaining that *Almendarez-Torres* "persists as a narrow exception permitting judges to find only the fact of a prior conviction" (internal quotation marks and citation omitted)).

We review the district court's denial of a motion to dismiss an indictment de novo.  *United States v. Hernandez Velasquez*, 120 F.4th 1294, 1296 (5th Cir. 2024).  An alien charged with illegal reentry may collaterally attack the underlying removal order if he shows that (1) "[he] exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived [him] of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair."  8 U.S.C. § 1326(d).  Salinas argues that he was not required to exhaust his administrative remedies because the immigration judge lacked jurisdiction to order him removed.  However, a contention that a removal order was legally erroneous does not excuse compliance with the mandatory exhaustion and denial of judicial review requirements.  *See United States v. Palomar-Santiago*, 593 U.S. 321, 327-29 (2021).  Because Salinas does not argue, and there is nothing in the record suggesting that he exhausted his administrative remedies, the district court did not err in denying the motion to dismiss.

No. 25-10335

We review sentences, including their consecutive nature, for reasonableness in light of the 18 U.S.C. § 3553(a) sentencing factors. *United States v. Candia*, 454 F.3d 468, 472 (5th Cir. 2006). Here, the district court explicitly addressed the 18 U.S.C. § 3553(a) factors before imposing the consecutive sentence and gave ample reasons for its decision. *See Gall v. United States*, 552 U.S. 38, 51 (2007). While Salinas contends that the district court mischaracterized revocation sentences as replacements for imprisonment, he is unable to show that any mischaracterization resulted in a procedural error as the Sentencing Guidelines explicitly provide that district courts have discretion to order sentences to run concurrently, partially concurrently, or consecutively to undischarged terms of imprisonment. *See* U.S.S.G. § 5G1.3(d). Moreover, the Guidelines further recommend that sentences of imprisonment for criminal offenses run consecutively to any term of imprisonment imposed upon revocation of supervised release. *See* U.S.S.G. § 7C1.4(b). Accordingly, Salinas has failed to demonstrate that that his consecutive sentence is unreasonable. *See Candia*, 454 F.3d at 472.

AFFIRMED.