# United States Court of Appeals
# for the Fifth Circuit

―――――――――

No. 25-60552
Summary Calendar

―――――――――

United States Court of Appeals
Fifth Circuit

**FILED**

May 28, 2026

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Justin Dewayne Dickerson,

*Defendant—Appellant*.

―――――――――――――――――――――――

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:24-CR-105-1

―――――――――――――――――――――――

Before Richman, Southwick, and Willett, *Circuit Judges*.

Per Curiam:[*]

Dickerson pleaded guilty to threatening a federal officer. The district court sentenced him to 24 months' imprisonment and three years of supervised release—well within the Guidelines range. The district court also ordered that sentence to run consecutively to Dickerson's undischarged state

―――――――――――――――

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

sentences. Dickerson appeals only that last feature, arguing that the consecutive sentence is substantively unreasonable.

That argument faces a steep climb. Section 5G1.3(a) provides that when, as here, "the instant offense was committed while the defendant was serving a term of imprisonment," the new sentence "shall be imposed to run consecutively to the undischarged term of imprisonment." U.S.S.G. § 5G1.3(a). Dickerson acknowledges as much. And because his sentence falls within the Guidelines range, it is "presumptively reasonable" and thus "accorded great deference." *United States v. Candia*, 454 F.3d 468, 473 (5th Cir. 2006). Dickerson has not rebutted that presumption. The district court did not make "a clear error of judgment in balancing sentencing factors." *United States v. Hernandez*, 876 F.3d 161, 166 (5th Cir. 2017). The district court reviewed the record, the Guidelines range, Dickerson's sentencing memorandum, and Dickerson's own letters. It also considered Dickerson's mental-health history, learning disabilities, limited education, employment record, and childhood physical and sexual abuse—circumstances the court "did not overlook or take lightly."

Against those mitigating facts, the court weighed the "very, very serious" offense conduct. Dickerson threatened to "send someone to kill" a federal magistrate judge by "get[ting] [his] cousin with the U.S. Army" to "put a bomb under the courthouse, and your car, or [getting] someone to shoot up the courthouse." On this record, the district court reasonably applied the 18 U.S.C. § 3553(a) factors and did not abuse its discretion by imposing a consecutive sentence.

AFFIRMED.