# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 15, 2009

Charles R. Fulbruge III
Clerk

No. 08-51013
No. 08-51014
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERNEST GARCIA,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
No. 5:90-CR-227-2

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Ernest Garcia was released to concurrent terms of supervision after serving a 168-month term of imprisonment for distribution of heroin and a consecutive 26-month term for possessing a knife-like object in a federal institution. Both terms of supervision were revoked after Garcia was arrested for possessing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and discharging a firearm. The district court sentenced him, without objection, to consecutive 24-month terms.

Garcia argues that his consecutive sentences are unreasonable and greater than necessary to achieve the goals in 18 U.S.C. § 3553(a) and that the district court did not cite reasons for imposing the sentences consecutively. We review for plain error, because Garcia did not question the legal basis for his sentences or ask the court to explain its reasons. *See United States v. Hernandez-Martinez*, 485 F.3d 270, 272-74 (5th Cir.), *cert. denied,* 128 S. Ct. 325 (2007). To demonstrate plain error, Garcia must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If he makes such a showing, we have the discretion to correct the error, but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Because Garcia's consecutive revocation sentences are within the advisory guideline range, they are accorded a presumption of reasonableness. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 809 (5th Cir.), *cert. denied*, 129 S. Ct. 625 (2008); *United States v. Candia*, 454 F.3d 468, 479 (5th Cir. 2006). The district court did not commit error, plain or otherwise, by sentencing Garcia to consecutive terms following the revocation of his concurrent terms of supervised release. *See United States v. Gonzalez,* 250 F.3d 923, 926-27 (5th Cir. 2001).

The court's written order shows that it based the sentence on the factors in § 3553(a). To the extent that the court may have erred by failing to provide oral reasons, Garcia cannot show that the error affected his substantial rights, because nothing in the record suggests that the sentences would have been different if the court had provided more extensive reasons. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 364-65 (5th Cir.) (internal citation marks and quotations omitted), *petition for cert. filed* (June 24, 2009) (No. 08-11099).

AFFIRMED.