# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 17, 2010

No. 08-51018
Summary Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TOMMY DELANDO BURNS, also known as Twisted Black,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:06-CR-89-1

Before DeMOSS, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Tommy Delando Burns appeals the sentence imposed by the district court on remand for resentencing following the Supreme Court's decision in *Kimbrough v. United States*, 552 U.S. 85 (2007), and the amendments to the crack cocaine Sentencing Guidelines. *See United States v. Burns*, 526 F.3d 852, 855 (5th Cir. 2008). On remand, the district court reduced Burns's base offense level by two pursuant to the amendments to the crack cocaine Sentencing Guidelines, but it declined to depart downward from the revised guidelines

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

range based upon Burns's argument that his sentence was greater than the sentences imposed on his co-defendants.

On appeal, Burns argues that the sentence imposed was unreasonable because it was greater than necessary to achieve the goals of 18 U.S.C. § 3553(a). Specifically, he argues that the district court abused its discretion in sentencing him to a far greater sentence than those imposed on his co-defendants. He asserts that, although his criminal history may have been more serious than other co-defendants, it was miscalculated because the district court relied on unreliable trial testimony to calculate his criminal history score.

We do not consider any arguments by Burns concerning the reliability of trial testimony or the calculation of his criminal history score because those issues are outside the scope of our remand to the district court. *See Eason v. Thaler*, 73 F.3d 1322, 1329 (5th Cir. 1996) (per curiam). Moreover, Burns has not shown that his sentence was unreasonable due to an unwarranted disparity between his sentence and his co-defendants' sentences. *See* § 3553(a)(6); *United States v. Candia*, 454 F.3d 468, 476 (5th Cir. 2006). Thus, Burns has not shown that the district court erred in balancing the sentencing factors or that the guidelines sentence imposed was an abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir.) (per curiam), *cert. denied*, 129 S. Ct. 328 (2008). Moreover, Burns has not rebutted the presumption of reasonableness that applies to his guidelines sentence. *See Campos-Maldonado*, 531 F.3d at 338. Accordingly, the judgment of the district court is AFFIRMED.