# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 7, 2010

Lyle W. Cayce
Clerk

No. 09-50550
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CESAR GERARDO TRON,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
No. 2:08-CR-942-1

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Cesar Tron appeals the 10-month sentence imposed following his guilty plea conviction for failure to comply with reporting requirements in violation of 19 U.S.C. § 1459(a) and (e). Tron's within-guidelines sentence was imposed to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

run consecutively to the 10-month sentenced imposed following the revocation of his supervised release. He contends that the consecutive nature of his sentence rendered it substantively unreasonable because it was greater than necessary to achieve the goals set forth in 18 U.S.C. § 3553(a). Specifically, he argues that the district court overemphasized the seriousness of his offense, overstated his criminal history, and failed to account for his reasons for going to Mexico.

This court reviews a sentence, including its consecutive nature, for reasonableness in light of § 3553(a). *See United States v. Candia*, 454 F.3d 468, 472-73 (5th Cir. 2006); *United States v. Mares*, 402 F.3d 511, 519-20 (5th Cir. 2005). Pursuant to *Gall v. United States*, 552 U.S. 38, 51 (2007), we first determine whether the district court committed any significant procedural error. If not, we "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Id.* "A discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable." *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir.) (per curiam), *cert. denied*, 129 S. Ct. 328 (2008). Likewise, a consecutive sentence imposed within the parameters of the advisory guidelines is presumptively reasonable and accorded great deference. *Candia*, 454 F.3d at 473.

The district court considered Tron's request for a concurrent sentence and ultimately determined that a consecutive sentence at the top of the applicable guideline range was appropriate based on the circumstances and the § 3553(a) factors. Specifically, the court noted Tron's multiple appearances in federal court, his extensive criminal history, and his repeated failure to follow the court's instructions despite assurances to the contrary. The imposition of a consecutive sentence is authorized by 18 U.S.C. § 3584 and U.S.S.G. § 5G1.3, and Tron has failed to rebut the presumption of reasonableness. *See Candia*, 454 F.3d at 478-79. Because he has not demonstrated that the consecutive sentence within the guidelines range was an abuse of discretion, the judgment is AFFIRMED.