# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 27, 2010

No. 09-10694
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BRAD MICHAEL EARDLEY,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:09-CR-48-1

Before DeMOSS, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Brad Michael Eardley was convicted of being a felon in possession of a firearm. *See* 18 U.S.C. § 922(g). After serving a 60-month sentence on that conviction, Eardley was released to supervision, but he violated the conditions of release. The district court revoked Eardley's supervised release and sentenced him to 18 months of imprisonment, which was within the advisory guideline range of 12 to 18 months. *See* U.S. Sentencing Guidelines Manual § 7B1.4 (policy statement). As recommended by the Guidelines, the district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

ordered that the 18-month revocation sentence run consecutively to Eardley's undischarged state sentence for possession of methamphetamine. *Id*. § 7B1.3(f) (policy statement).   Eardley now challenges the consecutive nature of his revocation sentence.  He argues that the district court acted unreasonably in choosing to run his revocation sentence consecutively to his state jail sentence and in relying on the factors in 18 U.S.C. § 3553(a)(2)(A) in doing so.

The factors in § 3553(a)(2)(A) are not excluded from 18 U.S.C. § 3584, the statutory provision applicable to a district court's decision whether to run a sentence consecutively to or concurrently with another undischarged sentence. *See* § 3584(b).  Eardley's reliance on § 3583(e) is misplaced.  That provision applies to the district court's decisions whether to impose a revocation sentence and the length of that sentence, not to whether the sentence should be consecutive to an undischarged state sentence.  *See* §§ 3583(e), 3584(a)-(b).

The consecutive nature of Eardley's revocation sentence is entitled to a rebuttable presumption of reasonableness. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 809 (5th Cir.), *cert. denied*, 129 S. Ct. 625 (2008); *United States v. Candia*, 454 F.3d 468, 471 (5th Cir. 2006).  Eardley has not provided a factual basis for his argument that he has rebutted that presumption by showing a sentencing disparity.  Nor has he shown that the district court's reliance on § 3553(a)(2)(A) factors was impermissible or unreasonable.  He also provides no legal basis for his argument that the revocation sentence conflicts with the state judgment of conviction because the latter must run concurrently with any other sentence.  Thus, Eardley has not rebutted the presumption of reasonableness. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009), *cert. denied*, -- S. Ct. --, 2010 WL 637943 (Mar. 22, 2010).  Eardley's sentence passes muster under either the unreasonable or plainly unreasonable standard and was not imposed in violation of law. *See United States v. Hinson*, 429 F.3d 114, 120 (5th Cir. 2005).  The judgment of the district court is AFFIRMED.