# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 2, 2011

No. 10-10535
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FELTON WILSON,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:09-CR-147-2

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:*

Defendant-Appellant Felton Wilson appeals the 180-month sentence imposed for his conviction of distribution of heroin, aiding and abetting. Wilson argues that the district court abused its discretion by upwardly departing from the guidelines range of 92 to 115 months. Wilson challenges the decision to upwardly depart under U.S.S.G. § 4A1.3(a)(1) and the extent of the departure.

We review Wilson's sentence for reasonableness. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(5th Cir. 2008). Reasonableness review, in the context of a guidelines departure, requires us to evaluate both the decision to depart upward and the extent of the departure for an abuse of discretion. *United States v. Zuniga-Peralta*, 442 F.3d 345, 347 (5th Cir. 2006). An upward departure is not an abuse of discretion if the reasons for the departure advance the objectives of 18 U.S.C. § 3553(a)(2) and are justified by the particular facts of the case. *Id.*

Given Wilson's extensive criminal record over a seven-year period and the lack of deterrent effect from prior lenient sentences, the district court did not abuse its discretion by upwardly departing based on its finding that Wilson's criminal history category substantially underrepresented the seriousness of his criminal history, the lack of deterrent effect from previous sentences, and the need to protect the public from Wilson. *See* U.S.S.G. § 4A1.3(a)(1); *Zuniga-Peralta*, 442 F.3d at 347.

Additionally, the record shows that the district court considered the mitigating factors advanced by Wilson and considered the 20-year state sentence for which Wilson is currently incarcerated. A district court has discretion to order a federal sentence to run consecutively to an undischarged state sentence. *United States v. Candia*, 454 F.3d 468, 473 (5th Cir. 2006). We have previously upheld comparable, and even greater, departures or variances than the one here at issue. *See United States v. Brantley*, 537 F.3d 347, 349-50 (5th Cir. 2008) (upholding above-guidelines sentence of 180 months when the top end of the guidelines range was 51 months); *United States v. Jones*, 444 F.3d 430, 433, 442-43 (5th Cir. 2006) (upholding 120-month sentence where maximum of guidelines range was fifty-seven months). We similarly conclude that the degree of departure was not unreasonable in this case, and the district court did not abuse its discretion. *See Zuniga-Peralta*, 442 F.3d at 347.

The judgment of the district court is AFFIRMED.