**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 10, 2012

Lyle W. Cayce
Clerk

No. 11-40633
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES BRANDON STROUSE,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
No. 4:10-CR-77-1

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

James Strouse challenges his sentences for making retaliatory threats against a federal official under 18 U.S.C. § 115 and making threatening com-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

munications in violation of 18 U.S.C. 876. The charges were brought after Strouse threatened to kill the Assistant United States Attorney, United States District Judge, and probation office personnel who handled his child pornography case. The sentences were imposed to run concurrently with one another but consecutively to his undischarged sentence for possessing child pornography. Because Strouse did not object to the sentences as unreasonable on the substantive and procedural grounds he now raises, we review his claims for plain error. *See United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009).

Without citing authority, Strouse suggests that the district court erred by running the sentences consecutively, because he received no advance notice from the court. There is no such requirement in the applicable statutory or guidelines provisions. *See* 18 U.S.C. § 3584; U.S.S.G. § 5G1.3. Moreover, the statutory default is to run the sentences consecutively, and the guidelines recommend doing so. *United States v. Candia*, 454 F.3d 468, 475 (5th Cir. 2006); § 5G1.3(a). Strouse fails to show that the purported error was clear or obvious, so he fails to establish plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United State v. Olano*, 507 U.S. 725, 734 (1993).

Strouse asserts that the record does not indicate whether the district court considered the 18 U.S.C. § 3553(a) factors before imposing the sentences consecutively. Because the sentences were imposed in accordance with the applicable guideline provision, U.S.S.G. § 5G1.3(a), we infer that the court considered the § 3553(a) factors. *See Candia*, 454 F.3d at 474. Strouse shows no error, plain or otherwise. *See Puckett*, 556 U.S. at 135.

Strouse claims the sentences are unreasonable because the record does not indicate that the district court understood that § 5G1.3 is advisory. The record, however, contains nothing to suggest that the court believed otherwise. "In the absence of evidence to the contrary, this court assumes that the district court knows the law and applies it correctly." *Whitelaw*, 580 F.3d at 260. There is no

error. *See id.*; *Puckett*, 556 U.S. at 135.

With respect to substantive reasonableness, Strouse first suggests that the sentences are unreasonable because the Sentencing Commission established the offense levels in a "problematic manner." But he does not explain how the process was problematic or how it affects reasonableness. He fails to establish plain error. *See Puckett*, 556 U.S. at 135.

Strouse contends that he wrote the threatening letters because he was upset, that he undertook no "significant planning," and that he had no intent to carry out the threats. He notes that he made no effort to conceal his identity. For these reasons, he asserts that the guidelines range overstated the seriousness of the offenses, failed to provide just punishment, and undermined respect for the law. He further asserts that the guidelines range did not account for his honorable discharge from the military or his untreated mental issues at the time he wrote the letters. Finally, he contends that his motive—a desire to parent his children without supervision as required by the conditions of his supervised release—is a mitigating factor.

Strouse has not demonstrated that the district court did not account for a factor that should have received significant weight, that it gave significant weight to an irrelevant or improper factor, or that it made a clear error of judgment in balancing the sentencing factors. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Strouse mailed eight letters with specific threats to kill the prosecutor, probation personnel, and judge. Though Strouse now contends that he never intended to carry out the threats, the government noted at sentencing that the recipients of the threats did not take them lightly.

Instead of working in his favor, Strouse's military background weighs against him, because he referenced it to intimidate the targets of his threats. Strouse does not describe the nature of his alleged mental illness, and he did not allege an insanity defense. Finally, he fails to show that his motive of wanting unsupervised visits with his children was a factor that should have received sig-

nificant weight, especially in light of his past convictions of recklessly injuring one of his sons and possession of child pornography.

Strouse fails to overcome the presumption that his guidelines sentences were reasonable, *see id.*, and thus he fails to show error, plain or otherwise, *see Puckett*, 556 U.S. at 135.  The judgment of sentence is AFFIRMED.