# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 16, 2012

No. 11-50771
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

FRANCISCO JAVIER DE LA CRUZ-NAVARRO, also known as Francisco De La
Cruz-Navarro, also known as Francisco De La Cruz,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:11-CR-189-1

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Francisco Javier De La Cruz-Navarro appeals his guidelines-minimum
sentence of 46 months of imprisonment, imposed following his guilty-plea
conviction for illegally reentering the United States in violation of 8 U.S.C.
§ 1326. The sentence is substantively unreasonable, he asserts, because it is
greater than necessary to achieve the sentencing goals set forth in 18 U.S.C.
§ 3553(a). De La Cruz-Navarro argues that the district court failed to give

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

sufficient weight to his cultural assimilation, specifically that he came to the United States as a young child, went to school in the United States, speaks English, and considers the United States his home. Moreover, he contends that the guidelines sufficiently accounted for his prior drug trafficking offense by increasing both his offense level and his criminal history score.

We review the substantive reasonableness of De La Cruz-Navarro's sentence for an abuse of discretion, taking into account the "totality of the circumstances." *United States v. Rodriguez*, 660 F.3d 231, 233 (5th Cir. 2011) (quoting *Gall v. United States,* 552 U.S. 38, 51 (2007)) (internal quotation marks omitted); *see also United States v. Gomez-Herrera*, 523 F.3d 554, 565 & n.6 (5th Cir. 2008). Because De La Cruz-Navarro's sentence was within the guidelines range, it is presumptively reasonable. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009) (citing *United States v. Candia*, 454 F.3d 468, 473 (5th Cir. 2006)). Although De La Cruz-Navarro challenges that presumption of reasonableness as applied to sentences under U.S.S.G. § 2L1.2, he recognizes that the issue is foreclosed. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009).

De La Cruz-Navarro has failed to show that his sentence does not account for a factor that should receive significant weight, gives significant weight to an irrelevant or improper factor, or represents a clear error of judgment in balancing sentencing factors. *See Cooks*, 589 F.3d at 186. His arguments that he came to this country as a young child and considers it to be home do not render his sentence unreasonable. *See Gomez-Herrera*, 523 F.3d at 565-66. Nor is his disagreement with the district court's assessment of an appropriate sentence under the § 3553(a) factors sufficient to rebut the presumption of reasonableness. *See id.* The judgment of the district court is AFFIRMED.