# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-10483
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 20, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

TAYLOR MICHAEL MENDEZ,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:12-CR-226-1

Before JONES, BARKSDALE, and HAYNES, Circuit Judges.

PER CURIAM:*

Taylor Michael Mendez challenges his within-Guidelines sentence, imposed following his guilty-plea conviction on one count of conspiracy to possess with intent to distribute 100 grams or more of heroin. Mendez was sentenced, *inter alia*, to 180-months' imprisonment. The district court rejected Mendez' request for his sentence to be concurrent with two state convictions that were included as relevant conduct in the instant offense.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-10483

Mendez contends: his sentence is substantively unreasonable, including, because of the court's failing to provide sufficient reasons for its length and its being consecutive to the state convictions.   Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the Guideline-sentencing range for use in deciding on the sentence to impose. *Gall v. United States,* 552 U.S. 38, 51 (2007).   In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error.   *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005).   Mendez expressly does not claim procedural error.   Again, he maintains only that the sentence is substantively unreasonable.

The sentence, including its being consecutive, is in accord with proper rules and Guidelines calculations; therefore, it is presumed reasonable.  *See United States v. Candia*, 454 F.3d 468, 474 (5th Cir. 2006).   To rebut this presumption, Mendez must show "the sentence does not account for a factor that should [have] receive[d] significant weight, . . . gives significant weight to an irrelevant or improper factor, or . . . represents a clear error of judgment in balancing sentencing factors".  *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

The district court gave sufficient explanation for the sentence.  *See United States v. Mondragon-Santiago*, 564 F.3d 357, 362 (5th Cir. 2009) (noting within-Guidelines sentences require little explanation).   Mendez essentially asks this court to substitute his assessment of the sentencing

No. 13-10483

factors for the district court's well-reasoned assessment; this would be directly contrary to the deferential review dictated by *Gall*. *See* 552 U.S. at 46.

AFFIRMED.