# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-50987
c/w No. 13-50999
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 31, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ROBERTO PENA-LUNA, also known as Jose Luis Pena-Luna, also known as
Jose Luis Luna-Pena,

Defendant - Appellant

_____

Cons. w/13-50999

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

ROBERTO PENA-LUNA, also known as Jose Pena-Luna, also known as
Roberto Pena, also known as Jose Luis Luna-Pena,

Defendant - Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 3:11-CR-1501-1

No. 13-50987
c/w No. 13-50999

Before SMITH, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Roberto Pena-Luna challenges the sentences imposed following his guilty-plea conviction for illegal reentry into the United States after removal, in violation of 8 U.S.C. § 1326(a) ("[A]ny alien who has been denied admission, excluded, deported, or removed . . . and thereafter enters, attempts to enter, or is at any time found in, the United States . . . shall be fined under Title 18, or imprisoned not more than 2 years, or both"), and the revocation of his prior term of supervised release for the prior illegal reentry. He contends the combined 36-month sentence is greater than necessary to meet the goals of 18 U.S.C. § 3553(a) and is therefore substantively unreasonable. Along that line, he asserts: the presumption of reasonableness should not apply because Sentencing Guideline § 2L1.2 lacks an empirical basis; the Guideline provision double-counts his criminal history and overstates the seriousness of his offense, which, according to him, is essentially an international trespass offense; and the sentence fails to reflect his personal history, characteristics, and diminished motive for returning to the United States, which mitigate the seriousness of his offense.

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the advisory Guidelines-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007). In that respect, for issues preserved in district court, its application of

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g., United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). "If a district court sentences a defendant within a properly calculated [G]uideline range, that sentence enjoys a presumption of reasonableness". *United States v. Aguirre-Villa*, 460 F.3d 681, 682 (5th Cir. 2006) (citation and internal quotation marks omitted).

The 24-month sentence imposed for Pena's illegal-reentry offense was within the advisory Guidelines-sentencing range and is, therefore, entitled to the above-referenced presumption of reasonableness. *E.g., id.* As Pena concedes, his claim that this court should not apply the presumption of reasonableness because Guideline § 2L1.2 is not empirically based is foreclosed. *E.g., United States v. Duarte*, 569 F.3d 528, 529–31 (5th Cir. 2009). (The claim is presented only to preserve it for possible future review.) Our court has also rejected his claims that double-counting of prior convictions necessarily renders a sentence unreasonable, *id.* at 529–30, and that the Guidelines overstate the seriousness of illegal reentry because it is a claimed nonviolent international trespass offense, *e.g., Aguirre-Villa*, 460 F.3d at 683. Pena's motive to reunite with his family is not sufficient to justify a lower sentence or to rebut the presumption of reasonableness. *E.g., United States v. Gomez-Herrera*, 523 F.3d 554, 565–66 (5th Cir. 2008). Because Pena has not shown that the district court failed to consider any significant factors, gave undue weight to any improper factors, or clearly erred in balancing the sentencing factors, he has failed to rebut the presumption of reasonableness. *E.g., United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

Furthermore, Pena has not shown the 12-month revocation sentence was substantively unreasonable. The district court had the discretion to order that the sentences be served consecutively. *United States v. Whitelaw*, 580 F.3d

256, 260 (5th Cir. 2009); *see also* 18 U.S.C. § 3584(a); U.S.S.G. § 7B1.3(f) & cmt. n.4. Because the sentence both fell within the advisory-sentencing range and was consistent with the Guidelines' policy regarding consecutive sentences, it is entitled to a presumption of reasonableness. *United States v. Candia*, 454 F.3d 468, 472–73 (5th Cir. 2006). Pena has failed to show the court abused its discretion by imposing the consecutive sentence.

AFFIRMED.