# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————————

No. 14-50643
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 25, 2015

Lyle W. Cayce
Clerk

————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN GUEL-NEVARES, also known as Juan Guel-Nevarez,

Defendant-Appellant

------------------------------------------------------

CONSOLIDATED with No. 14-50645

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN GUEL-NEVARES, also known as Juan Guel-Nevarez, also known as Juan Guel Nevarres,

Defendant-Appellant

————————

Appeals from the United States District Court
for the Western District of Texas
USDC No. 3:14-CR-333-1

————————

No. . 14-50643
c/w No. 14-50645

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Juan Guel-Nevares appeals the 27-month within-Guidelines sentence imposed following his guilty-plea conviction for illegal reentry following deportation, in violation of 8 U.S.C. § 1326. He also appeals the consecutive 12-month sentence imposed following the revocation of a prior term of supervised release. Guel contends that the combined 39-month sentence was substantively unreasonable because it was greater than necessary to satisfy the sentencing goals in 18 U.S.C. § 3553(a). He argues that U.S.S.G. § 2L1.2 is not empirically based and effectively double counts a defendant's criminal record. Guel also contends that the range overstated the seriousness of his nonviolent reentry offense and that the combined sentence failed to account for his personal history and characteristics.

The 27-month sentence imposed for Guel's illegal-reentry offense was within the Guidelines range and is therefore entitled to a presumption of reasonableness. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 809 (5th Cir. 2008). Guel concedes that his argument is foreclosed by circuit precedent that the presumption of reasonableness should not apply to his illegal-reentry sentence because the Guidelines provisions relating to illegal reentry lack an empirical basis. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009).

We have consistently rejected "double counting" arguments and arguments that Section 2L1.2 results in excessive sentences because it is not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. . 14-50643
c/w No. 14-50645

empirically based. *See Duarte*, 569 F.3d at 529-31. We have also rejected the "international trespass" argument that Guel asserts. *See United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008). Additionally, Guel's motives for reentry are not sufficient to rebut the presumption of reasonableness. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).

The district court considered the Section 3553(a) factors, including Guel's personal history. Guel has not shown the district court failed to give proper weight to his arguments or any particular Section 3553(a) factor during sentencing. *See United States v. Cooks,* 589 F.3d 173, 186 (5th Cir. 2009).

In addition, Guel has not shown that the within-Guidelines 12-month revocation sentence was plainly unreasonable. *See United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011). As to the consecutive nature of the sentences, the district court had the discretion to order that the sentences be served consecutively. *See United States v. Whitelaw*, 580 F.3d 256, 260-61 (5th Cir. 2009); *see also* 18 U.S.C. § 3584(a); U.S.S.G. § 7B1.3(f) & comment. (n.4), p.s. The consecutive sentence was also entitled to a presumption of reasonableness. *See United States v. Candia*, 454 F.3d 468, 472-73 (5th Cir. 2006).

AFFIRMED.