# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40264
c/w No. 14-40285
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 22, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DELFINO BAZAN,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 7:13-CR-1642-1
USDC No. 7:13-CR-994-3

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Delfino Bazan and multiple co-defendants were indicted in the Southern District of Texas for various drug and money laundering offenses and in the Eastern District of Texas for various drug and firearms offenses. Bazan agreed to the transfer of the Eastern District case to the Southern District. He pleaded guilty to one count of conspiracy to possess with intent to distribute 100

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

kilograms or more of marijuana and to one count of conspiracy to distribute, and to possess with intent to distribute, five kilograms or more of cocaine. Bazan received concurrent sentences of 324 months of imprisonment, at the low end of the Guidelines range. Bazan appealed, and the government's motion to consolidate the two appeals was granted.

On appeal, Bazan argues that his sentence is substantively unreasonable because it is greater than necessary to accomplish the sentencing goals of 18 U.S.C. § 3553(a). Although Bazan does not expressly challenge the procedural reasonableness of his sentence, he contends that the district court erred in its determination of drug quantity and in applying a leader or organizer enhancement, both of which would constitute procedural errors in calculating the Guidelines range. *See Gall v. United States,* 552 U.S. 38, 51 (2007).

We review for clear error the district court's factual finding that Bazan was a leader or organizer because Bazan objected to the enhancement below. *See United States v. Cabrera,* 288 F.3d 163, 173 (5th Cir. 2002). "A factual finding is not clearly erroneous if it is plausible in light of the record read as a whole." *United States v. Nava,* 624 F.3d 226, 229 (5th Cir. 2010) (internal quotation marks and citation omitted). The Sentencing Guidelines authorize a four-level increase in a defendant's offense level "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(a). The commentary to the Guideline lists seven factors to consider in determining whether a defendant had a leader or organizer role, including the exercise of decision making authority, the degree of participation in planning or organizing the offense, the degree of control and authority exercised over others, and the claimed right to a larger share of the fruits of the crime. U.S.S.G. § 3B1.1 cmt. n.4. The district

court found, based on the presentence report and wiretapped conversations, that Bazan was "directing people what to do, negotiating, finding the buyers. . . . He seems to be very much in charge." While Bazan acknowledges that "there is certainly evidence that [he] conducted some of the affairs of the conspiracy through others," he argues that the enhancement is inappropriate because he did not know the person "in charge of bringing dope across the river," and because he did not "necessarily" claim or receive a larger share of the proceeds. Bazan has not demonstrated that the district court's factual finding was implausible in light of the record as a whole.

We review for clear error Bazan's argument, raised below, that the district court erred in its calculation of the drug amounts. *United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005). The district court based its drug quantity determination on the presentence report and on wiretapped conversations. In challenging the district court's determination, Bazan argues only that the quantity of drugs for which he was held responsible was "completely unforeseeable" to him. Bazan's conclusory and undeveloped argument does not suffice to demonstrate clear error.

We review for plain error Bazan's challenge to the substantive reasonableness of his sentence because he did not object on that basis at sentencing. *See United States v. Peltier,* 505 F.3d 389, 391–92 (5th Cir. 2007). Because the district court imposed a sentence within a properly calculated Guidelines range, the sentence is entitled to a rebuttable presumption of reasonableness. *See United States v. Alonzo,* 435 F.3d 551, 554 (5th Cir. 2006). The presumption is rebutted if the sentence does not account for a factor that should receive significant weight, gives significant weight to an irrelevant or improper factor, or represents a clear error of judgment in balancing sentencing factors. *United States v. Cooks,* 589 F.3d 173, 186 (5th Cir. 2009).

No. 14-40264
c/w No. 14-40285

In support of his argument of substantive unreasonableness, Bazan asserts that he received a harsher sentence than did the head of the drug cartel with which Bazan was associated. However, Bazan has not established that any disparity between the sentences was unwarranted. *See* 18 U.S.C. § 3553(a)(6); *United States v. Candia*, 454 F.3d 468, 476 (5th Cir. 2006). Bazan has failed to show that the district court committed plain error in imposing the sentence.

AFFIRMED.