# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50025
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 25, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN CHINO-TELLEZ,

Defendant-Appellant

Cons. w/ No. 15-50026

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN CHINO-TELLEZ, also known as Juan Chino Tellez, also known as Juan Chino, also known as Juan Tellez, also known as Julian Chiano, also known as Juan C. Tellez, also known as Juan T. Chino, also known as Diablo,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 2:14-CR-253-1
USDC No. 2:14-CR-339-1

No. 15-50025

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Juan Chino-Tellez (Chino) appeals the 41-month within-guidelines sentence he received following his guilty plea conviction for illegal reentry, as well as the six-month within-guidelines sentence he received following the revocation of his supervised release, which sentences were ordered to run consecutively. For the first time on appeal, Chino argues that his cumulative 63-month sentence is substantively unreasonable because it is greater than necessary to effectuate the sentencing goals of 18 U.S.C. § 3553(a). He asserts that his illegal reentry offense is essentially a nonviolent international trespass and that the illegal reentry Guideline, U.S.S.G. § 2L1.2, is problematic because it is not empirically based, atypically establishes an offense level based on prior criminal conduct, and effectively double counts the defendant's criminal history in calculating a guidelines range. He also argues that his sentence is greater than necessary to provide adequate deterrence and fails to adequately account for his personal history and characteristics, including his benign reasons for reentry. We review these newly raised claims for plain error only. *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).

When, as here, the district court imposes a sentence within a properly calculated guidelines range, the sentence is presumptively reasonable. *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). To rebut this presumption, Chino must show "that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

improper factor, or it represents a clear error of judgment in balancing sentencing factors." *Id.*

As Chino acknowledges, his argument that the presumption of reasonableness should not apply because § 2L1.2 lacks an empirical basis is foreclosed, and he raises it only to preserve it for further review. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009). We likewise have previously rejected the contention that a within-guidelines sentence is unreasonable because § 2L1.2 lacks an empirical basis and effectively double counts prior convictions. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009); *Mondragon-Santiago*, 564 F.3d at 366-67 & n.7. Also, we have not been persuaded by the claim that the Sentencing Guidelines do not take into account the nonviolent nature of an illegal reentry offense. *See United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008). Chino's alleged benign motive for returning to this country is insufficient to rebut the presumption of reasonableness attached to his within-guidelines illegal reentry sentence. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).

Insofar as Chino challenges the consecutive nature of his sentences, his challenge is unavailing. Because his six-month revocation sentence falls within the applicable advisory guidelines range and is consistent with U.S.S.G § 7B1.3(f) (mandating "[a]ny term of imprisonment imposed upon the revocation of . . . supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving"), it is entitled to a presumption of reasonableness. *See, e.g., United States v. Lopez-Velasquez*, 526 F.3d 804, 808-09 (5th Cir. 2008) (citation omitted); *United States v. Candia*, 454 F.3d 468, 474 (5th Cir. 2006). Chino has made no effort to rebut the presumption of reasonableness afforded his revocation sentence;

No. 15-50025

his argument that his consecutive sentences were greater than necessary to achieve the § 3553(a) goals is wholly conclusional.

Thus, Chino has failed to show that his sentences amount to error, plain or otherwise. Accordingly, the district court's judgment is AFFIRMED.