# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10880
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 30, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ISRAEL ANDRADE-FAVELA,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:15-CR-46-1

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:*

Israel Andrade-Favela pleaded guilty to illegal reentry. The district court departed above the guidelines range of 21 to 27 months and sentenced him to 72 months of imprisonment to run consecutively to a 45-year state sentence and a 24-month revocation sentence. He challenges the substantive reasonableness of his sentence.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-10880

We assume that Andrade-Favela preserved his challenge to the reasonableness of the upward departure.  The district court's decision to depart on the basis of Andrade-Favela's history of repeated illegal entries and the serious nature of his state conviction advances the objectives of 18 U.S.C. § 3553(a)(2) and is justified by the facts of the case.  The extent of the departure is further justified by Andrade-Favela's state conviction and the deference owed to the district court.  Thus, Andrade-Favela fails to show that the district court abused its discretion in departing.  *See United States v. Zuniga-Peralta*, 442 F.3d 345, 346-48 (5th Cir. 2006); *United States v. Saldana*, 427 F.3d 298, 309-16 (5th Cir. 2005).

Andrade-Favela did not preserve his challenge to the reasonableness of the consecutive sentence.  The consecutive nature of the sentence was authorized by statute and the Sentencing Guidelines.  *See* 18 U.S.C. § 3584(a); U.S.S.G. § 5G1.3(d) & comment. (n.4(A), (C)).  He fails to show that the district court erred, much less plainly erred, in imposing a consecutive sentence, particularly in light of the deference owed to the district court.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Olano*, 507 U.S. 725, 736 (1993); *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008); *United States v. Candia*, 454 F.3d 468, 472-73 (5th Cir. 2006).

The judgment of the district court is AFFIRMED.

2