# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-30666
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 8, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GLEN NEALY,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:12-CR-291-1

Before KING, DAVIS, and SMITH, Circuit Judges.

PER CURIAM:[*]

Glen Nealy appeals his conviction and sentence for failing to register as a sex offender under the Sex Offender Registration and Notification Act (SORNA). He contends that the 30-month sentence, imposed consecutively to a two-year state sentence for the same conduct, is substantively unreasonable and an abuse of discretion.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-30666

The sentence, including its consecutive nature, is in accord with the proper rules and guideline calculations and is presumed reasonable. *See United States v. Candia*, 454 F.3d 468, 474-75 (5th Cir. 2006). Moreover, the district court gave a thorough explanation of reasons for sentence, especially in light of the arguments made at sentencing. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 362 (5th Cir. 2009) (noting that a sentence within the guideline range does not require much explanation). Nealy merely asks us to substitute his assessment of the sentencing factors for the district court's well-reasoned assessment, which is directly contrary to the deferential review dictated by *Gall v. United States*, 552 U.S. 38, 46 (2007). His disagreement with the sentence does not rebut the presumption of reasonableness. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010). Nealy fails to show that his sentence was unreasonable or an abuse of discretion. *See Gall*, 552 U.S. at 46, 51; *Rita v. United States*, 551 U.S. 338, 351 (2007).

Nealy also argues that Congress improperly delegated to the Attorney General the authority to determine whether SORNA would apply to offenders convicted before SORNA was implemented. He concedes that we foreclosed this non-delegation argument in *United States v. Whaley*, 577 F.3d 254, 263 (5th Cir. 2009).

The judgment of the district court is AFFIRMED.