# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-60751
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 5, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALLEN SIMS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:05-CR-29-4

Before REAVLEY, DENNIS, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Allen Sims appeals the 48-month sentence imposed after the district court revoked the term of supervised release imposed following his 2006 guilty plea conviction for conspiracy to possess with intent to distribute controlled substances. The 48-month sentence was ordered to run consecutively to a sentence Sims received for a new conviction. Sims challenges the court's decision to impose a consecutive sentence on the revocation of supervised

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-60751

release; he contends that the combined sentence is substantively unreasonable. He argues that the revocation sentence and the sentence on the new conviction constitute punishment for the same conduct.

This appeal pertains only to the sentence imposed on revocation of supervised release. Sims fails to show that the 48-month consecutive sentence imposed on revocation of supervised release is substantively unreasonable. A sentence imposed on revocation of supervised release punishes a breach of trust for violating the conditions of supervision; thus, it is distinct from the sentence imposed on the new offense. *See United States v. Zamora-Vallejo*, 470 F.3d 592, 596 & n.6 (5th Cir. 2006). Additionally, the district court had the discretion to order that Sims's sentences should run consecutively. Because the revocation sentence falls within the advisory range and is consistent with the Guidelines' policy regarding consecutive sentences, it is entitled to a presumption of reasonableness. *See* U.S.S.G. § 7B1.4; U.S.S.G. § 7B1.3(f) & comment. (n.4); *see also United States v. Candia*, 454 F.3d 468, 472-73 (5th Cir. 2006). Sims's argument that the total sentence is greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a) fails to rebut the presumption of reasonableness attached to his sentence. Moreover, in light of 18 U.S.C. § 3583(e)(3)'s instruction that § 3553(a)(2)(B) is one of the factors to be considered in fashioning a revocation sentence, any argument that a sentence's deterrent effect should not be considered lacks merit.

The sentence imposed by the district court is not plainly unreasonable. *See United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011). Accordingly, the judgment of the district court is AFFIRMED.