# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-31229

United States Court of Appeals
Fifth Circuit

**FILED**

October 31, 2019

Lyle W. Cayce
Clerk

Consolidated with 18-31230

UNITED STATES OF AMERICA,

   Plaintiff - Appellee

v.

EDWARD LEE DAUGHENBAUGH,

   Defendant - Appellant

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 2:06-CR-20060-1
USDC No. 2:18-CR-132-1

Before CLEMENT, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:*

After Edward Lee Daughenbaugh violated federal criminal law and the terms of his supervised release by possessing child pornography, the district court ordered that the sentence on his new offense and the sentence on his supervised release revocation run consecutively. On appeal, Daughenbaugh

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-31229 c/w 18-31230

argues that his combined 15-year sentence is substantively unreasonable. Having concluded that Daughenbaugh has not rebutted the presumption that his sentence was reasonable, we AFFIRM.

**I**

In 2006, Daughenbaugh pled guilty to possession of child pornography and was sentenced to 84 months of imprisonment, to be followed by a lifetime term of supervised release. His supervision commenced in June 2012. In June 2016, Daughenbaugh's probation officer filed a petition for a summons and recommended revocation of supervised release based on an allegation that Daughenbaugh violated the terms of his supervised release by having unsupervised contact with minor children. The petition explained that, during a home visit, the probation officer found children aged two and four living in Daughenbaugh's home.

Daughenbaugh admitted to the violation, and his term of supervised release was revoked. He was sentenced to one year and one day of imprisonment, to be followed by a lifetime term of supervised release. The special conditions of supervised release included provisions that prohibited Daughenbaugh from purchasing, possessing, or using cellular telephones with photographic or internet capabilities. Another special condition prohibited Daughenbaugh from possessing or viewing any image depicting sexually explicit conduct.

His second term of supervision commenced in February 2017. In May 2018, the probation officer filed a petition for a warrant, alleging that Daughenbaugh violated the conditions of supervised release by possessing a cellular phone with internet capabilities and by possessing and viewing images depicting sexually explicit conduct. The petition stated that, on May 9, 2018, the probation officer found Daughenbaugh in possession of a cellular phone at

his residence. The phone was found to have "approximately 38 videos depicting child pornography."

Daughenbaugh was indicted in a separate case for the new offense of possession of child pornography. He pleaded guilty to the new offense, and he did not contest the allegations that he violated the conditions of his supervised release.

The district court bifurcated the revocation proceedings and the sentencing proceedings on the new conviction. On the new offense, the presentence report (PSR) calculated a guidelines range of 63 to 78 months; however, the statute mandated a minimum sentence of 10 years because Daughenbaugh had previously been convicted of the same offense. *See* 18 U.S.C. § 2252A(b)(2). Therefore, the guidelines sentence became 120 months. *See* U.S.S.G. § 5G1.1(b). On the revocation, the advisory range was 4 to 10 months of imprisonment. However, Daughenbaugh was also subject to a minimum term of five years of imprisonment on the revocation because of the nature of his underlying offense; thus, the guidelines sentence became 60 months. *See* 18 U.S.C. §§ 2252A(a)(5)(B), 3583(k); U.S.S.G. § 7B1.4(b)(2).

At the sentencing hearing for the new conviction, Daughenbaugh acknowledged that he was subject to statutorily mandated terms of imprisonment. He argued that the court should exercise its discretion to order that the sentences imposed run concurrently. Daughenbaugh asserted that the new offense and the revocation involved the same conduct. He repeated this argument during sentencing on the revocation.

On the new offense, the district court imposed a sentence of 120 months of imprisonment, to be followed by a lifetime term of supervised release. Daughenbaugh did not object to the 120-month sentence.

No. 18-31229 c/w 18-31230

On the revocation, the court imposed a sentence of 60 months and ordered the sentence to run consecutively to the sentence imposed on the new conviction. In imposing the sentence, the court noted that it had considered the relevant factors of 18 U.S.C. § 3553(a), particularly the nature and circumstances of the offense and the nature and characteristics of the defendant. The court observed that, although the policy statement indicated a term of imprisonment imposed in a revocation of supervised release for this type of offense "shall" run consecutively, the Guidelines were advisory and that the court was not bound by the language. Nevertheless, the court indicated that it believed the policy statements in the Guidelines were correct "in this instance," noting that Daughenbaugh was a recidivist for the same offense. Daughenbaugh objected to the sentence imposed on revocation of supervised release. He filed timely notices of appeal in both cases. The appeals were consolidated.

## II

Daughenbaugh argues that his combined 15-year sentence is substantively unreasonable and that the sentences should have been ordered to run concurrently.[1] He asserts that a concurrent sentence would have achieved the sentencing goals of § 3553(a) and that the consecutive five-year term of imprisonment imposed on his revocation of supervised release is greater than necessary to satisfy the § 3553(a) factors.

---

[1] Though Daughenbaugh initially indicates in his brief that he is appealing both sentences, his arguments are directed only at the sentence imposed on revocation of his supervised release. Daughenbaugh does not brief any challenge to the sentence imposed in connection with his new conviction and seeks only to have the revocation sentence vacated. Therefore, he has abandoned the appeal of the 120-month sentence, and we affirm the judgment in that case. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993); *see also United States v. Pineda-Pineda*, 743 F. App'x 547, 548 (5th Cir. 2018) (per curiam).

No. 18-31229 c/w 18-31230

Revocation sentences are reviewed under 18 U.S.C. § 3742(a)'s "plainly unreasonable" standard. *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011). A within-guidelines, consecutive sentence is presumed to be reasonable. *United States v. Candia*, 454 F.3d 468, 472–73 (5th Cir. 2006). A revocation sentence is substantively unreasonable where the district court did not take into account a factor that should have received significant weight, gave significant weight to an irrelevant or improper factor, or made a clear error in judgment when balancing the sentencing factors. *United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013).

Daughenbaugh's challenge to the sentence is limited to its consecutive nature. He contends that the 60-month revocation sentence punishes the same conduct underlying the new conviction and that the sentences should therefore run concurrently. He further notes that his guidelines range would have been substantially lower without the statutorily mandated sentences and asserts that he would pose no danger to the community if he were released in 10 years at the age of 61.

His arguments are unavailing. Sentences imposed on revocation of supervised release and for new offenses are separate sentences imposed in separate criminal proceedings. *See Johnson v. United States*, 529 U.S. 694, 700 (2000) (explaining that a sentence imposed following the revocation of supervised release is part of the penalty for the original conviction). A sentence imposed on revocation of supervised release punishes a breach of trust for violating the conditions of supervision; thus, it is distinct from the sentence imposed on the new offense. *See United States v. Zamora-Vallejo*, 470 F.3d 592, 596 & n.6 (5th Cir. 2006); *see also United States v. Ramirez*, 264 F. App'x 454, 458 (5th Cir. 2008) (per curiam).

5

No. 18-31229 c/w 18-31230

The district court had the discretion to order that Daughenbaugh's sentences be served consecutively. *See United States v. Whitelaw*, 580 F.3d 256, 260 (5th Cir. 2009); *see also* 18 U.S.C. § 3584(a); U.S.S.G. § 7B1.3(f) cmt. n.4. Additionally, the Guidelines provide that a revocation sentence should run consecutively to another sentence, even if both arose out of the same conduct, because a revocation sentence punishes a breach of trust rather than the criminal conduct. U.S.S.G. 7A, introductory cmt. ¶ 3(b); § 7B1.3(f) & cmt. n.4 (specifying that a term of imprisonment imposed upon revocation "shall run consecutively" to any other terms the defendant is serving).

Daughenbaugh's consecutive 60-month sentence was within the range recommended by the policy statements. *See* 18 U.S.C. §§ 2252A(a)(5)(B), 3583(k); U.S.S.G. § 7B1.4(b)(2). Daughenbaugh's conclusory assertion that the resulting combined 15-year sentence is greater than necessary to satisfy the sentencing goals of § 3553(a) is insufficient to rebut the presumption of reasonableness attached to his within-guidelines revocation sentence. *See Warren*, 720 F.3d at 332; *Candia*, 454 F.3d at 472–73.[2]

AFFIRMED.

---

[2] The Supreme Court recently held that a revocation of supervised release and imposition of the five-year mandatory minimum sentence pursuant to § 3583(k), based on judge-made findings by a preponderance of the evidence, violated due process and the right to a trial by jury. *United States v. Haymond*, 139 S. Ct. 2369, 2373–85 (2019) (plurality opinion with one justice concurring in the judgment). But Daughenbaugh does not challenge his revocation sentence on this ground, possibly because it is doubtful that *Haymond* would be of any help to him. After all, unlike the defendant in that case, Daughenbaugh was charged separately for the underlying criminal conduct and was therefore afforded the opportunity to have a jury determine beyond a reasonable doubt whether he committed the latest offense. He instead chose to plead guilty.