# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
June 10, 2020

Lyle W. Cayce
Clerk

No. 19-51002
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANDY THOMAS SCHUMAN,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:09-CR-53-1

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:*

Andy Schuman was serving separate terms of supervised release for two different drug convictions. One conviction was from 2003; the one in this case was from 2009. The district court found that he violated the conditions of release by using amphetamines and failing to comply with his drug treatment plan. In this case, the court sentenced him to a prison term of twelve months. That sentence would run consecutive to the ten-month sentence ordered in the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

other case.  Schuman argues that the twelve-month sentence in this case was substantively unreasonable (the appeal of his revocation sentence in the other case was dismissed after counsel filed an *Anders* brief).

Schuman contends this revocation sentence was unreasonably high because his personal circumstances, specifically his substance abuse problem, did not warrant a consecutive twelve-month sentence.  He also claims that the term was unnecessary to protect the public because his criminal history did not involve violence.    But    the    district    court    considered    Schuman's arguments for residential treatment and his defense that he was nonviolent. Schuman has not shown that the district court, when imposing the sentence, failed to consider a significant factor, considered an improper factor, or made a clear error of judgment in balancing the relevant factors.  *See United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013).  Furthermore, his sentence was within the advisory range and therefore presumed reasonable.  *See United States v. Candia*, 454 F.3d 468, 473 (5th Cir. 2006).  As such, he has not shown that the district court abused its discretion by imposing a substantively unreasonable sentence.[1]  *See Warren*, 720 F.3d at 332.

AFFIRMED.

---

[1] The parties dispute whether Schuman's appeal is subject to plain error review in light of *Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766-67 (2020).  It is unnecessary to determine whether plain error applies because Schuman cannot prevail even assuming he preserved his objection to the sentence.