# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 14, 2020

Lyle W. Cayce
Clerk

No. 20-30006
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

KORRYON DASHAWN CARTER,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:10-CR-225-1

Before KING, SMITH, and WILSON, *Circuit Judges*.

PER CURIAM:*

Korryon Dashawn Carter argues on appeal that his 36-month revocation sentence, which is below the range recommended by the policy statements in the Sentencing Guidelines and the statutory maximum, is procedurally and substantively unreasonable. Although Carter preserved the

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

consecutive aspect of his challenge, he did not object to the procedural reasonableness of his sentence in the district court. *See Molina-Martinez v. United States*, 136 S. Ct. 1338, 1342-43 (2016). We need not determine if his procedural reasonableness challenge is preserved because it would fail regardless. *See United States v. Holguin-Hernandez*, 955 F.3d 519, 520 n.1 (5th Cir. 2020).

Pursuant to *Gall v. United States*, 552 U.S. 38, 51 (2007), we engage in a bifurcated review of the sentence imposed by the district court. *United States v. Delgado-Martinez*, 564 F.3d 750, 752 (5th Cir. 2009). First, we consider whether the district court committed a "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range." *Gall*, 552 U.S. at 51. If there is no error or the error is harmless, we may proceed to the second step and review the substantive reasonableness of the sentence imposed for an abuse of discretion. *Id.* Under the "plainly unreasonable" standard applicable to revocation sentences, *see United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011), this court first determines whether the sentence is unreasonable, then "whether the error was obvious under existing law." *Id.* "[A] rebuttable presumption of reasonableness . . . applies to a consecutive sentence imposed within the parameters of the advisory federal guidelines." *United States v. Candia*, 454 F.3d 468, 473 (5th Cir. 2006).

The record shows that the district court heard Carter's expression of remorse and about his success during supervision but found it to be outweighed by his repeated failure to adhere to the conditions of supervision. Carter has not shown that the consecutive nature of his sentence rendered his sentence unreasonable. *See United States v. Whitelaw*, 580 F.3d 256, 260 (5th Cir. 2009); U.S.S.G. § 7B1.3(f), p.s., & comment. (n.4). In unpublished opinions, we have affirmed revocation sentences that were ordered to run consecutively to sentences for new offenses prompting the revocation. *See,*

No. 20-30006

*e.g.*, *United States v. Sims*, 774 F. App'x 231, 231 (5th Cir. 2019); *United States v. Ramirez*, 264 F. App'x 454, 458 (5th Cir. 2008); *United States v. Deal*, 237 F. App'x. 909, 910-11 (5th Cir. 2007). Carter has not shown that his 36-month revocation sentence was based on an irrelevant or improper factor, a clear error of judgment in balancing the relevant sentencing factors, or the district court's failure to account for a factor that should have received significant weight. *See United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013). Carter essentially asks us to reweigh the § 3553(a) sentencing factors, which we will not do. *See Gall*, 552 U.S. at 51; *United States v. Heard*, 709 F.3d 413, 435 (5th Cir. 2013).

    The district court's judgment is AFFIRMED.