# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 15, 2021

Lyle W. Cayce
Clerk

No. 20-30580
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

RYAN JOEL SHILLING,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:19-CR-258-1

Before KING, SMITH, and WILSON, *Circuit Judges*.

PER CURIAM:*

Ryan Joel Shilling pleaded guilty to one count of distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2). He appeals his within-guidelines sentence of 168 months of imprisonment, asserting that his sentence is substantively unreasonable because the district court relied too

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

heavily on the advisory guidelines range and failed to give appropriate weight to the statutory sentencing factors set forth in 18 U.S.C. § 3553(a). For the reasons that follow, we AFFIRM.

Shilling asserts that the presumption of reasonableness typically afforded to within-guideline sentences should not be applied in this case. Further, he contends that the district court, in sentencing him, failed to consider his drug addiction, his remorse, his post-arrest conduct, the unlikelihood he will recidivate, and the long-term consequences of his conviction.

Sentences within the properly calculated advisory guidelines range, as is the case here, are presumed to be substantively reasonable. *United States v. Candia*, 454 F.3d 468, 471 (5th Cir. 2006). We infer from such a sentence that "the district court 'has considered all the factors for a fair sentence set forth in the Guidelines.'" *Id.* at 473 (quoting *United States v. Johnson*, 445 F.3d 793, 798 (5th Cir. 2006)). The presumption of reasonableness is rebutted only upon a showing that the sentence "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).

To begin, we reject Shilling's argument that the presumption of reasonableness should not apply in this case. These assertions amount to nothing more than a disagreement with the Guidelines' policy considerations. And, although a district court may certainly depart from the Guidelines based on policy considerations, its refusal to do so does not render a sentence presumptively unreasonable. *See, e.g.*, *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009) (noting that a district court's

refusal to consider policy does not require "discarding the presumption [of reasonableness]").

As to the remaining arguments, we find that the district court considered the facts and circumstances of the case. It also considered—but, ultimately rejected—Shilling's objections to the correctly calculated Guidelines range and Shilling's request for sentencing leniency. *See Smith*, 440 F.3d at 708. At bottom, Shilling effectively invites us to reweigh the § 3553(a) factors. We decline to do so, in light of the fact that the district court is "in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant." *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008).

The judgment of the district court is AFFIRMED.