# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 8, 2021

Lyle W. Cayce
Clerk

No. 20-20136
CONSOLIDATED WITH
No. 20-20228
Summary Calendar

---

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

FRED SAMSON,

*Defendant—Appellant*.

---

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CR-172-1

---

Before JOLLY, ELROD, and GRAVES, *Circuit Judges*.

PER CURIAM:*

A jury convicted Fred Samson of two counts of theft of Government property, namely Social Security retirement benefits, in an amount greater than $1,000, in violation of 18 U.S.C. § 641. The district court sentenced

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-20136
c/w No. 20-20228

Samson within the advisory guidelines range to 15 months of imprisonment and three years of supervised release.

As he is proceeding pro se on appeal, Samson is entitled to liberal construction of his brief. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Nevertheless, he must brief arguments to preserve them. *See id.*

Samson first challenges the district court's failure to suppress, sua sponte, his written and verbal statements to investigating agents from the Social Security Administration. With the benefit of liberal construction, Samson challenges the introduction of his statements on the basis that such statements were made in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966). However, he fails to show that the admission of such statements amounted to plain error. *See United States v. Vasquez*, 899 F.3d 363, 372-73 (5th Cir. 2018). Considering the totality of the circumstances surrounding his statements, which included that the interview took place in a public location of his choosing, he was not physically restrained, and he was told he was free to terminate the interview at any time, the record supports a conclusion he was not in custody for purposes of *Miranda. See United States v. Wright*, 777 F.3d 769, 775-77 (5th Cir. 2015).

Second, Samson contends that the Government suppressed evidence, which, had it been presented at trial, would have demonstrated his innocence. However, Samson fails to state with any specificity what this evidence was, how it was exculpatory, or how it was material to his case. *See United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006). Accordingly, he has abandoned this claim on appeal. *See United States v. Tomblin*, 46 F.3d 1369, 1376 n.13 (5th Cir. 1995).

Third, Samson raises several claims of ineffective assistance of counsel. Samson did not raise his claims of ineffective assistance of counsel before the district court, and the record does not provide sufficient detail to

allow the court to assess counsel's effectiveness at this stage. *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014). Accordingly, we decline to consider these claims now, without prejudice to Samson's right to raise them on collateral review. *See id.*

Fourth, Samson challenges the reasonableness of his 15-month within-guidelines sentence. A review of the record does not reflect that the district court failed to account for a factor that should have received significant weight, gave significant weight to an irrelevant or improper factor, or committed a clear error of judgment in balancing the 18 U.S.C. § 3553(a) factors. *See United States v. Candia*, 454 F.3d 468, 473 (5th Cir. 2006). Accordingly, Samson fails to rebut the presumption of reasonableness which attaches to his within-guidelines sentence. *See id.*

Next, Samson contends that the district court interfered with his right of allocution. Because Samson did not raise this argument in the district court, review is limited to plain error. *See United States v. Reyna*, 358 F.3d 344, 349-50 (5th Cir. 2004) (en banc). After ruling on outstanding objections, the district court invited Samson to speak. Samson took advantage of that opportunity to request leniency and to beseech the court to consider the impact that any sentence would have on his family. Accordingly, he fails to show that the district court denied his right of allocution; there was no error, plain or otherwise.

Finally, though Samson also appealed the district court's order directing him to reimburse the Criminal Justice Act Fund for the cost of his court appointed counsel, Samson raises no challenge to this order on appeal. Accordingly, he has abandoned this issue. *See Yohey*, 985 F.2d at 224-25.

Accordingly, the judgments of the district court are AFFIRMED.