# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 23, 2022

Lyle W. Cayce
Clerk

No. 21-10473
Summary Calendar

---

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

NATASHI MARIE MILTON,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:20-CR-339-14

---

Before DAVIS, JONES and ELROD, *Circuit Judges*.

PER CURIAM:*

Natashi Marie Milton pleaded guilty to one count of conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(C). The district court sentenced her within the advisory guidelines range to 87 months in prison and three years of

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-10473

supervised release.    On appeal, Milton argues that her sentence is substantively unreasonable because the district court erred in balancing the factors set forth in 18 U.S.C. § 3553(a) and in its consideration of her criminal history and arrests.

Although Milton did not object to the substantive reasonableness of her sentence, she arguably sought a sentence lower than the one ultimately imposed.    Erring on the side of caution, we analyze Milton's substantive reasonableness claim as though error was preserved.  *See Holguin-Hernandez v. United States*, 140 S. Ct. 762, 764-67 (2020), *on remand*, 955 F.3d 519, 520 n.1 (5th Cir. 2020).

We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard.  *Gall v. United States*, 552 U.S. 38, 46-47, 49-51 (2007).    Sentences within the properly calculated advisory guidelines range, as here, are presumed to be substantively reasonable.  *United States v. Candia*, 454 F.3d 468, 473 (5th Cir. 2006).  This presumption "is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors."  *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

Milton has failed to rebut the presumption of reasonableness afforded to her within-guidelines sentence.    The district court reviewed and considered the facts set forth in the record, the arguments of the parties, and Milton's allocution.  The court stated that it considered the § 3553(a) factors. Milton fails to show that her sentence gives significant weight to an irrelevant or improper factor, represents a clear error of judgment in balancing sentencing factors, or otherwise constitutes an abuse of discretion.  *See id.*

The district court's judgment is AFFIRMED.