# United States Court of Appeals
# for the Fifth Circuit

---

No. 24-30490
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
May 27, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

EDILBERTO LOPEZ-ALVARADO,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:24-CR-13-1

---

Before HIGGINBOTHAM, JONES, and OLDHAM, *Circuit Judges*.

PER CURIAM:[*]

Edilberto Lopez-Alvarado pleaded guilty to illegally reentering the United States following a prior removal, in violation of 8 U.S.C. § 1326(a) and (b)(1). He now appeals his above-guidelines term of 36 months of imprisonment.

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-30490

Lopez-Alvarado argues that his sentence is substantively unreasonable. He contends that the district court improperly relied on his criminal history—which was already incorporated into his guidelines calculation—to impose the upward variance, that the district court failed to weigh his mitigating circumstances, that his sentence creates unwarranted sentencing disparities, and that 36 months is greater than necessary to satisfy the factors set forth in 18 U.S.C. § 3553(a). We need not decide whether Lopez-Alvarado preserved all the specific arguments he makes here as he cannot prevail under the usual abuse of discretion standard. *See United States v. Holguin-Hernandez*, 955 F.3d 519, 520 n.1 (5th Cir. 2020).

A district court is required to impose a sentence that is sufficient, but not greater than necessary, to comply with the goals of § 3553(a). *Gall v. United States*, 552 U.S. 38, 50 n.6 (2007). A non-guidelines sentence unreasonably fails to reflect the § 3553(a) factors if it does not account for a factor that should have received significant weight, gives significant weight to an irrelevant or improper factor, or represents a clear error of judgment in balancing the sentencing factors. *United States v. Diehl*, 775 F.3d 714, 724 (5th Cir. 2015).

The district court did not abuse its discretion by considering factors such as criminal history that were already accounted for in the guidelines calculation. *United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008) (internal quotation and citation omitted). Further, Lopez-Alvarado's extensive criminal history and pattern of illegal reentries and deportations amply supported the court's conclusion that the guidelines range was inadequate. *See id.* at 807-08.

Additionally, the record reflects that the district court did consider Lopez-Alvarado's mitigating arguments but made an individualized assessment that an upward variance was warranted in light of that § 3553(a)

No. 24-30490

factors. *See id.* Lopez-Alvarado also has not identified any sentencing disparity, much less an unwarranted one. *See* 18 U.S.C. § 3553(a)(6); *United States v. Candia*, 454 F.3d 468, 476 (5th Cir. 2006). Finally, he fails to show that his 36-month sentence was greater than necessary to satisfy the factors set forth in § 3553(a). *See Gall*, 552 U.S. at 51.

AFFIRMED.